DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Francisco Ramirez, appeals from the judgment of the Medina County Court of Common Pleas denying his motion to suppress drug evidence seized from the vehicle he was driving. This Court affirms.
 I. {¶ 2} On April 30, 2003, Appellant was indicted for possession of approximately ninety-eight pounds of marijuana in violation of R.C. 2925.11. The events leading to the charges filed against Appellant occurred on April 14, 2002. At approximately noon, Appellant was pulled over by Trooper Terry Helton. Subsequent to stopping Appellant, Trooper Helton requested a drug sniffing dog. A short while later, the canine unit arrived and proceeded to sniff Appellant's vehicle for drugs. In a videotape of the arrest, the drug dog, Louie, can be seen alerting on the driver's side door. After Louie alerted, the troopers present searched Appellant's car and found nearly ninety-eight pounds of marijuana.
 {¶ 3} On June 13, 2003, Appellant filed a motion to suppress the evidence seized from the vehicle. Appellant claimed that Trooper Helton lacked specific, articulable facts to justify his initial stop and subsequent detention of Appellant. The trial court denied Appellant's motion on November 24, 2003. Thereafter, Appellant pled no contest and was sentenced to eight years in prison. Appellant timely appealed, raising two assignments of error.
 II. ASSIGNMENT OF ERRROR I
"The trial court erred in denying appellant's motion to suppress, where the law enforcement officers lacked reasonable articulable suspicion of criminal activity to justify the traffic stop and appellant's continued detention."
 {¶ 4} In his first assignment of error, Appellant avers that Trooper Helton was not justified in making the original traffic stop or in his continued detention of Appellant. This Court disagrees.
 {¶ 5} In making its ruling on a motion to suppress, the trial court makes both legal and factual findings. State v. Jones,
9th Dist. No. 20810, 2002-Ohio-1109, at ¶ 9. It follows that this Court's review of a denial of a motion to suppress involves both questions of law and fact. State v. Long (1998),127 Ohio App.3d 328, 332. As such, this Court will accept the factual findings of the trial court if they are supported by some competent and credible evidence. State v. Searls (1997),118 Ohio App.3d 739, 741. However, the application of the law to those facts will be reviewed de novo. Id.
 {¶ 6} A traffic stop constitutes a seizure under the Fourth Amendment. Whren v. United States (1996), 517 U.S. 806, 809-10,135 L.Ed.2d 89. An investigative traffic stop does not violate the Fourth Amendment where an officer has reasonable suspicion that the individual is engaged in criminal activity. Maumee v.Weisner (1999), 87 Ohio St.3d 295, 299. To justify an investigative stop, an officer must point to "specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion." Terry v.Ohio (1968), 392 U.S. 1, 21, 20 L.Ed.2d 889; Maumee,87 Ohio St.3d at 299. A court must consider the totality of the circumstances in evaluating the facts and inferences supporting the stop. State v. Freeman (1980), 64 Ohio St.2d 291, paragraph one of the syllabus. "[I]f the specific and articulable facts available to an officer indicate that a driver may be committing a criminal act, which includes the violation of a traffic law, the officer is justified in making an investigative stop." Statev. Shook (June 15, 1994), 9th Dist. No. 93CA005716.
 {¶ 7} However, an investigative stop may last no longer that is necessary to effectuate the purpose of the stop. Florida v.Royer (1983), 460 U.S. 491, 500. "In determining if an officer completed these tasks within a reasonable length of time, the court must evaluate the duration of the stop in light of the totality of the circumstances and consider whether the officer diligently conducted the investigation. State v. Carlson
(1995), 102 Ohio App.3d 585, 598. Previously, stops as long as twenty minutes have been held reasonable under the totality of the circumstances involved. United States v. Sharpe (1985),470 U.S. 675, 688.
 {¶ 8} Through testimony at the suppression hearing, the State established that Trooper Helton was aware of the following facts at the time of the initial stop. Earlier in the day, Appellant was traveling with another vehicle, a red Dodge, both with Texas license plates. Trooper Helton testified that he was aware that Texas is a source state for illegal drugs. It also became known after the red Dodge was stopped that one of the passengers in the Dodge had a criminal history which included marijuana trafficking. Further, Trooper Helton learned that when the red Dodge was pulled over the driver indicated that he and the white truck Appellant was driving were heading to Cleveland. However, Appellant's vehicle exited onto I-76, a road that does not lead to Cleveland. Additionally, it was established that the red Dodge sped up upon sight of the police. Testimony was heard in the trial court that such a tactic is common in trafficking drugs. That is, the vehicle not carrying contraband will attempt to draw attention away from the vehicle carrying the drugs.
 {¶ 9} Through radio traffic, Trooper Helton was also aware that the Medina County Drug Task Force had observed suspicious behavior. Appellant's vehicle, the white pickup, had been parked in a Hardee's parking lot. However, Appellant had walked some distance away to a motel lobby while he appeared to be waiting for someone. Through Task Force agents, Trooper Helton learned that eventually a blue Toyota met up with Appellant. Upon following the blue Toyota, Task Force agents informed Trooper Helton that it appeared to be conducting countersurveillance on the police by driving in a large square. Based upon these facts, this Court finds that Trooper Helton gave specific, articulable facts which created a reasonable suspicion that Appellant was engaged in criminal activity. As such, Trooper Helton was justified in making his initial investigatory stop. Terry,392 U.S. at 21.
 {¶ 10} Appellant avers that even if the initial investigatory stop is found to be justified, that his continued detention was not reasonable under the circumstances. This Court disagrees.
 {¶ 11} Appellant was stopped by Trooper Helton at 12:15 p.m. A few minutes after the stop, Trooper Helton is informed that a canine is en route to the vehicle to sniff for drugs. A few moments later, Trooper Helton receives a phone call from Trooper Rike. Trooper Rike informed him that Guillermo Lechuga was the driver of a blue Toyota. This fact added to Trooper Helton's suspicions because Mr. Lechuga had been in the red Dodge which was pulled over earlier in the day. During the course of receiving this information, Trooper Helton was in the process of determining whether Appellant had a valid driver's license. Subsequent to determining that Appellant had a valid driver's license, Trooper Helton also ran the license plate of the white pickup to determine the owner. A short while later, Trooper Helton received confirmation that the white pickup was registered to Guillermo Lechuga. At approximately 12:35, a canine unit appears at the scene. At approximately 12:39, Louie begins his sniff of Appellant's vehicle and alerts to the driver's side door at approximately 12:41.
 {¶ 12} Appellant's assertion that he was unlawfully detained is based upon this twenty-six minute detention. However, Trooper Helton, in conducting an investigative stop, was permitted to detain Appellant while he ran a computer check on Appellant's driver's license, registration, and plates to ensure that he was in compliance with state law. Delaware v. Prouse (1979),440 U.S. 648, 657-658, 59 L.Ed.2d 660. Under the totality of the circumstances here, this Court finds that Trooper Helton diligently conducted his investigation. A canine unit was requested immediately when Trooper Helton initiated the stop. Upon having Appellant enter the police cruiser, Trooper Helton immediately began running Appellant's information to verify compliance with state law. Nothing suggests that Appellant was unreasonably or unnecessarily delayed. Accordingly, Appellant's first assignment of error is overruled.
 ASSIGNMENT OF ERROR II
"The trial court erred in denying appellant's motion to suppress, where probable cause to search the vehicle was not established by an unreliable canine."
 {¶ 13} In his final assignment of error, Appellant avers that the trial court erred in denying his motion to suppress because the canine that was used to detect drugs in his vehicle was unreliable and as such the officers lacked probable cause to search the white pickup. This Court disagrees.
 {¶ 14} "[O]nce a trained drug dog alerts to the odor of drugs from a lawfully detained vehicle, an officer has probable cause to search the vehicle for contraband." Carlson,102 Ohio App.3d at 600, citing State v. Shook (June 15, 1994), 9th Dist. No. 93CA005716. This Court finds no support in the record for Appellant's contention that Louie is an unreliable canine.
 {¶ 15} Louie is certified by the Buckeye K-9 Academy in both narcotics and tracking. Further, Louie received certification from the Ohio Peace Officer Training Commission. Further, Louie's handler, Sergeant Steve Clark, testified that outside of active service, he and Louie train for four hours each week. As such, at the time of trial, Louie had trained for approximately 160 hours after he had already been certified. Further, Sergeant Clark testified that Louie had performed fourteen sniffs including a sniff of the blue Toyota the same day Appellant was arrested. Of those fourteen, Louie alerted twelve times. Only twice did Louie alert and no drugs were found. Of those two, one suspect admitted to previously using marijuana in the car that Louie alerted on. As such, there is no evidence that Louie is unreliable. Therefore, officers had probable cause to search Appellant's pickup once Louie alerted. Id. Accordingly, Appellant's second assignment of error is overruled.
 III. {¶ 16} Appellant's assignments of error are overruled and the judgment of the Medina County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Carr, P.J. Whitmore, J. Concur