DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Delvon Coleman, appeals the decision of the Medina County Court of Common Pleas, which sentenced him to a prison term of ten years. This Court affirms.
 I. {¶ 2} On September 22, 2005, appellant was indicted by the Medina County Grand Jury on one count of possession of cocaine in violation of R.C. 2925.11(A)(C)(4)(f), a felony of the first degree, with a major drug offense specification pursuant to R.C.2941.1410, with a firearm specification; one count of possession of marijuana in violation of R.C. 2925.11(A)(C)(3)(c), a felony of the fifth degree; one count of possession of criminal tools in violation of R.C. 2923.24, a felony of the fifth degree; and two forfeiture specifications pursuant to R.C. 2925.42(A)(1).
 {¶ 3} On March 29, 2004, appellant filed a motion to suppress evidence from an illegal traffic stop and search. Appellant filed a motion to suppress his oral statements on April 16, 2004. The State opposed the motions. The trial court denied appellant's motions to suppress.
 {¶ 4} On January 3, 2005, the matter came before the trial court for a change of plea. Appellant changed his plea from not guilty to a plea of no contest to the charges of possession of crack cocaine with a major drug offender specification, possession of marijuana, and possession of criminal tools. The State dismissed the firearm specification. The trial court accepted appellant's plea, found him guilty, and sentenced him accordingly. Appellant was sentenced to a total term of ten years imprisonment. Appellant timely appealed his convictions, setting forth three assignments of error for review.
 II. FIRST ASSIGNMENT OF ERROR
"THE TRIAL COURT ERRED BY DENYING APPELLANT'S MOTION TO SUPPRESS EVIDENCE FROM THE TRAFFIC STOP BECAUSE ALTHOUGH OFFICER NEFF HAD REASONABLE SUSPICION TO STOP THE BLACK NISSAN, THE SCOPE AND DURATION OF THE STOP WAS NOT LIMITED TO EFFECTUATE THE PURPOSE OF GIVING THE DRIVER OF THE BLACK NISSAN A WARNING FOR AN ASSURED CLEAR DISTANCE VIOLATION."
 {¶ 5} In his first assignment of error, appellant asserts that the trial court erred in denying his motion to suppress. Specifically, appellant argues that the scope and duration of the stop was not limited to effectuate the purpose of giving the driver of the vehicle in which appellant was a passenger a warning for an assured clear distance violation. This Court disagrees.
 {¶ 6} A trial court's ruling on a motion to suppress evidence presents to the reviewing court a mixed question of law and fact.State v. Long (1998), 127 Ohio App.3d 328, 332. This Court will accept the factual findings of the trial court if they are supported by some competent and credible evidence. State v.Searls (1997), 118 Ohio App.3d 739, 741. The application of the law to those facts, however, will be reviewed de novo. Id.
 {¶ 7} An investigative stop may "last no longer than is necessary to effectuate the purpose of the stop." Florida v.Royer (1983), 460 U.S. 491, 500. "In determining if an officer completed these tasks within a reasonable length of time, the court must evaluate the duration of the stop in light of the totality of the circumstances and consider whether the officer diligently conducted the investigation." State v. Carlson
(1995), 102 Ohio App.3d 585, 598. This Court has previously held that a stop as long as twenty-six minutes was reasonable under the totality of the circumstances involved. State v. Ramirez,
9th Dist. No. 04CA0024-M, 2004-Ohio-6541, at ¶ 12. Further, an officer may expand the scope of the stop and may continue the detention of an individual if the officer discovers reasonably articulable facts that give rise to a suspicion of criminal activity. State v. Robinette (1997), 80 Ohio St.3d 234, 241.
 {¶ 8} This Court begins by noting that Trooper Neff established through his testimony at the suppression hearing that this was not a routine traffic stop. This Court also finds that Trooper Neff presented testimony that established reasonably articulable facts that gave rise to a suspicion of criminal behavior.
 {¶ 9} Trooper Neff testified that while on patrol on February 9, 2004, he pulled over a vehicle being driven by the co-defendant in the present matter because it was following too close to the vehicle it was behind. However, upon stopping the vehicle, Trooper Neff learned that the driver of the vehicle, Phillip Atkinson, did not have a valid driver's license. Trooper Neff also learned that the owner of the vehicle was not a passenger in the vehicle. Thus, in addition to his routine tasks, Trooper Neff had to verify that the vehicle was not stolen. Trooper Neff further testified that after he learned the identity of the driver, he learned that his license had been suspended. Upon questioning the driver and appellant, who was the front seat passenger, Trooper Neff received conflicting answers about the duration of the trip. Trooper Neff stated that at that point, he decided to have a canine perform an exterior sniff of the vehicle. Trooper Neff testified that Officer Ryba of Montville Township had stopped on the scene with his dog to see if he needed backup and that he performed a canine sniff of the vehicle. Trooper Neff stated that the dog alerted to the vehicle, indicating the presence of drugs. Trooper Neff testified that at that time, the occupants were removed from the vehicle and he performed a search of the vehicle. Trooper Neff noted that upon searching the vehicle, he found a white plastic bag containing approximately two pounds of marijuana in the trunk of the vehicle. Trooper Neff explained that there was a specially manufactured compartment in the vehicle that allowed access to the trunk from the back seat of the vehicle. Upon further examination, Trooper Neff testified that after finding the marijuana, he placed the occupants of the vehicle under arrest and read them their Miranda rights.
 {¶ 10} In the instant matter, the record does not reveal the actual duration of the stop. This Court finds that under the circumstances presented, Trooper Neff's continued detention of appellant was not unreasonable. Accordingly, this Court cannot say that the trial court erred in denying appellant's motion to suppress based on his continued detention. Ramirez at ¶ 12. Appellant's first assignment of error is overruled.
 SECOND ASSIGNMENT OF ERROR
"THE APPELLANT DID NOT ENTER INTO A KNOWING AND VOLUNTARY PLEA BECAUSE THE TRIAL COURT FAILED TO INFORM APPELLANT OF THE MAXIMUM SENTENCE OR MANDATORY GUIDELINES ASSOCIATED WITH THE FINDING THAT APPELLANT WAS A MAJOR DRUG OFFENDER."
 {¶ 11} In his second assignment of error, appellant argues that the trial court failed to adequately advise him of the mandatory penalty associated with his plea of no contest. This Court disagrees.
 {¶ 12} Appellant pled no contest to a first degree felony possession of crack cocaine in excess of 100 grams. Pursuant to R.C. 2929.14(D)(3)(a), if the quantity of crack cocaine involved in the offense exceeds 100 grams, the offender is a major drug offender. Accordingly, the court must impose as a mandatory sentence, the maximum term available for the level of the offense committed. The maximum term for a first degree felony is 10 years imprisonment. R.C. 2929.14(A)(1). Additionally, the court imposing a prison term on the offender under R.C.2929.14(D)(3)(a) may impose an additional prison term of one to ten years under R.C. 2929.14(D)(3)(b).
 {¶ 13} Appellant concedes that he failed to object during his change of plea hearing. He argues, however, that the trial court's failure to adequately inform him that by pleading no contest, he would receive a mandatory ten-year prison sentence constituted plain error.
 {¶ 14} Before entering a plea, the trial court must conduct an oral conversation with the defendant in which it addresses the provisions of Crim.R. 11(C)(2). State v. Sherrard, 9th Dist. No. 02CA008065, 2003-Ohio-365, at ¶ 6, citing State v. Engle
(1996), 74 Ohio St.3d 525, 527. Pursuant to Crim.R. 11(C)(2):
"In felony cases the court * * * shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
"(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
"(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
"(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself."
"The underlying purpose, from the defendant's perspective, of Crim.R. 11(C) is to convey to the defendant certain information so that he can make a voluntary and intelligent decision whether to plead guilty." State v. Ballard (1981), 66 Ohio St.2d 473,479-80.
 {¶ 15} In determining whether the trial court complied with the constitutional requirements of Crim.R. 11(C)(2), this Court reviews the record and if the record shows that the trial court "engaged in a meaningful dialogue with the defendant which, in substance, explained the pertinent constitutional rights in a manner reasonably intelligible to that defendant[,]" the court's acceptance of the guilty plea should be affirmed. (Internal quotations omitted.) State v. Anderson (1995),108 Ohio App.3d 5, 9, quoting Ballard, 66 Ohio St.2d at paragraph two of the syllabus. In the instant matter, this Court finds that the trial court complied with Crim.R. 11.
 {¶ 16} At the change of plea hearing, the trial court judge orally conducted a plea colloquy with appellant which addressed appellant's constitutional rights, the effect on appellant's parole conditions, the possible sanctions and maximum sentence, the court proceeding with judgment and sentencing, and appellant's voluntariness in making the plea. From the context of the plea colloquy, it was clear that appellant faced a mandatory 10-year sentence.
 {¶ 17} Based upon our review of the plea hearing, the trial court did not err in administering and accepting appellant's plea. Appellant's second assignment of error is overruled.
 THIRD ASSIGNMENT OF ERROR
"THE TRIAL COURT ERRED BY FINDING APPELLANT TO BE A MAJOR DRUG OFFENDER PURSUANT TO [R.C.] 2929.14(D)(3) BECAUSE [APPELLANT] PLED NO CONTEST TO POSSESSION OF CRACK COCAINE AND A MAJOR DRUG OFFENDER IS DEFINED AS A PERSON WHO PLEADS GUILTY OR IS CONVICTED OF CERTAIN DRUG OFFENSES."
 {¶ 18} Appellant contends in his third assignment of error that the trial court erred by finding him to be a major drug offender pursuant to R.C. 2929.14(D)(3) because he pled no contest to the charge of possession of crack cocaine rather than guilty. This Court disagrees.
 {¶ 19} Appellant entered a plea of no contest to possession of more than 100 grams of crack cocaine. The trial court accepted appellant's plea of no contest and found him guilty. Pursuant to R.C. 2929.14(D)(3)(a), if the quantity of crack cocaine involved in the offense exceeds 100 grams, the offender is a major drug offender. Consequently, appellant's third assignment of error is overruled.
 III. {¶ 20} Appellant's assignments of error are overruled. The decision of the Medina County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellant.
Slaby, P.J., Boyle, J., concurs.