[Cite as *State v. Coleman*, 2012-Ohio-2847.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

STATE OF OHIO

    Appellee

    v.

DELVON K. COLEMAN

    Appellant

C.A. No.    11CA0070-M

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF MEDINA, OHIO
CASE No.    04CR0072

DECISION AND JOURNAL ENTRY

Dated: June 25, 2012

CARR, Judge.

{¶1}    Appellant, Delvon Coleman, appeals the judgment of the Medina County Court of Common Pleas. This Court affirms.

I.

{¶2}    On February 20, 2004, the Medina County Grand Jury indicted Coleman on one count of possession of cocaine in violation of R.C. 2925.11(A)(C)(4)(f), a felony of the first degree with a major drug offender specification and a firearm specification; one count of possession of marijuana in violation of R.C. 2925.11(A)(C)(3)(c), a felony of fifth degree; one count of possession of criminal tools in violation of R.C. 2923.24, a felony of the fifth degree; and two forfeiture specifications relating to a car and cash. After initially pleading not guilty to the charges at arraignment, Coleman appeared before the trial court on January 3, 2005, to enter pleas of no contest to the charges of possession of cocaine with a major drug offender specification, possession of marijuana, and possession of criminal tools with the two forfeiture

specifications. The trial court accepted Coleman's pleas, found him guilty, and sentenced him to a total term of ten years imprisonment. Coleman appealed to this Court and argued, among other things, that his plea of no contest to possession of cocaine with a major drug offender specification was not knowing, voluntary, and intelligent because the trial court did not inform him of the mandatory penalty associated with a plea. On October 16, 2006, the Court affirmed Coleman's convictions. *State v. Coleman*, 9th Dist. No. 05CA0074-M, 2006-Ohio-5363.

{¶3}    On October 26, 2005, Coleman filed a pro se motion to withdraw his plea. The State responded in opposition to the motion on November 10, 2005. More than a year later, on December 13, 2006, Coleman supplemented his motion to withdraw his plea. Also on December 13, 2006, Coleman filed a pro se petition for post-conviction relief. In support of his petition, Coleman argued (1) that he was not guilty of the charges to which he pled; (2) that defense counsel was incompetent; (3) that he was not informed of the mandatory penalty associated with the charges; (4) that he did not understand he was giving up his right to a jury trial; and (5) that the search that led to his arrest was improper. The trial court issued separate journal entries on March 14, 2007, in which it denied both the motion to withdraw as well as the petition for post-conviction relief.

{¶4}    On October 14, 2009, Coleman filed a pro se "petition to vacate or set aside void sentence" pursuant to R.C. 2953.21. In support of his petition, Coleman again argued that he should be permitted to withdraw his pleas pursuant to Crim.R. 32.1 because the trial court failed to inform him of the mandatory sentence associated with his plea. Coleman further stated that he needed the assistance of an attorney in order to produce evidence in support of his claim. On July 13, 2010, Coleman filed a separate motion for appointment of counsel. After a hearing on July 30, 2010, the trial court appointed counsel to represent Coleman for the purposes of his

post-conviction petition. On August 25, 2010, counsel for Coleman filed a notice of appeal from the "hearing for post-conviction relief, on July 30, 2010." On October 22, 2010, counsel filed a motion to withdraw his appeal with this Court on the basis that it was premature. This Court issued a journal entry dismissing the appeal on November 23, 2010.

{¶5} After a hearing on December 17, 2010, Coleman's attorney was dismissed as counsel of record. The trial court subsequently issued a journal entry appointing a different attorney to represent Coleman "in post-conviction motions." On April 6, 2011, Coleman filed a "post-conviction petition" in which he argued that the trial court failed to comply with Crim.R. 11(C) at his plea colloquy. Coleman relied on Crim.R. 32.1 in support of his position that he should be permitted to withdraw his plea to correct a manifest injustice. The State filed a brief in opposition on May 3, 2011. On May 18, 2011, the trial court issued a journal entry indicating that the motion was denied.

{¶6} Coleman filed a notice of appeal on June 17, 2011. On appeal, he raises one assignment of error.

II.

## ASSIGNMENT OF ERROR

> THE TRIAL COURT ABUSED ITS DISCRETION AND ERRED WHEN IT DENIED COLEMAN'S PETITION TO WITHDRAW HIS FORMER PLEA OF NO CONTEST TO THE CHARGES IN THE INDICTMENT IN ORDER TO CORRECT A MANIFEST INJUSTICE.

{¶7} In his sole assignment of error, Coleman argues that the trial court erred and abused its discretion in denying his petition to withdraw his former plea of no contest. This Court disagrees.

{¶8} In support of his assignment of error, Coleman argues that the trial court should have set aside his judgment of conviction and permitted him to withdraw his plea to correct a

manifest injustice pursuant to Crim.R. 32.1. Coleman's position is premised on his assertion that his plea colloquy did not comport with the requirements of Crim.R. 11(C) because the trial court failed to adequately ensure that he understood the maximum penalty he faced; that he would serve a mandatory sentence; and that he understood the effect of his plea of no contest.

{¶9}    Crim.R. 32.1, which governs the withdrawal of a guilty plea, states:

> A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea.

{¶10}    The Supreme Court of Ohio has held that "[R]es judicata bars the assertion of claims against a valid, final judgment of conviction that have been raised or could have been raised on appeal." *State v. Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, at ¶ 59, citing *State v. Perry*, 10 Ohio St.2d 175 (1967), paragraph nine of the syllabus.  "This prohibition extends to claims made in support of motions to withdraw a plea." *State v. Brown*, 9th Dist. Nos. 25353 and 25355, 2011-Ohio-1043, ¶ 6, citing *Ketterer* at ¶ 59.  Moreover, the Supreme Court has held,

> "Crim.R. 32.1 does not vest jurisdiction in the trial court to maintain and determine a motion to withdraw the guilty plea subsequent to an appeal and an affirmance by the appellate court.  While Crim.R. 32.1 apparently enlarges the power of the trial court over its judgments without respect to the running of the court term, it does not confer upon the trial court the power to vacate a judgment which has been affirmed by the appellate court, for this action would affect the decision of the reviewing court, which is not within the power of the trial court to do."

*State ex rel. Special Prosecutors v. Judges, Court of Common Pleas*, 55 Ohio St.2d 94, 97-98.

{¶11}  Coleman has attempted to challenge the validity of his plea colloquy through a variety of avenues since the time of his conviction.  On direct appeal, Coleman assigned as error that the trial court had failed to adequately advise him of the mandatory penalty associated with his plea.  This Court rejected Coleman's argument and affirmed his convictions, specifically

concluding that "[b]ased upon our review of the plea hearing, the trial court did not err in administering and accepting [Coleman's] plea." *Coleman* at ¶ 17. Immediately following his appeal, Coleman filed a petition for post-conviction relief where he advanced a variety of arguments, including that he was unaware of the maximum penalty associated with entering his plea. His petition was denied by the trial court. While Coleman's current motion was styled a "post-conviction petition," his substantive argument was not couched within the parameters of R.C. 2953.21. Instead, Coleman again challenged the validity of his plea colloquy and argued that the trial court should set aside his judgment of conviction and permit him to withdraw his plea pursuant to Crim.R. 32.1. Pursuant to *Special Prosecutors*, 55 Ohio St.2d at 97-98, the trial court did not have authority to grant Coleman's motion to withdraw his plea on the basis of a deficient plea colloquy because that issue had already been addressed on direct appeal. Moreover, as Coleman has previously raised issues relating to the validity of his plea colloquy on numerous occasions, he is now barred from raising those issues under the doctrine of res judicata. *Ketterer* at ¶ 59. To the extent that Coleman's motion might be construed as a petition for post-conviction relief, it was an untimely petition and Coleman failed to demonstrate that he was unavoidably prevented from discovering the facts necessary to support his claim pursuant to R.C. 2953.23(A)(1)(a). Thus, the trial court did not err in denying Coleman's motion. Accordingly, Coleman's assignment of error is overruled.

III.

{¶12} Coleman's assignment of error is overruled. The judgment of the Medina County Court of Common Pleas is affirmed.

Judgment affirmed.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

WHITMORE, P. J.
CONCURS.

BELFANCE, J.
CONCURS IN JUDGMENT ONLY.

APPEARANCES:

MICHAEL J. ASH, Attorney at Law, for Appellant.

DEAN HOLMAN, Prosecuting Attorney, and MATTHEW KERN, Assistant Prosecuting Attorney, for Appellee.