[Cite as *State v. O'Neal*, 2012-Ohio-3442.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO

    Appellee

    v.

STEVEN J. O'NEAL

    Appellant

C.A. No.     26119


APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CR 98 02 0316(B)

DECISION AND JOURNAL ENTRY

Dated: August 1, 2012

BELFANCE, Judge.

{¶1} Steven O'Neal appeals the trial court's denial of his motion to withdraw his guilty plea. For the reasons set forth below, we affirm.

I.

{¶2} In 1998, Mr. O'Neal was indicted for attempted aggravated murder and felonious assault, each with an underlying firearm specification. Mr. O'Neal subsequently pleaded guilty to felonious assault and the underlying firearm specification, and the State dismissed the attempted aggravated murder charge. The trial court sentenced Mr. O'Neal to an aggregate prison-term of nine years and ordered both terms be served consecutive to his federal prison sentence. Mr. O'Neal appealed, alleging that his plea was not voluntary, knowing, and intelligent, that he had received ineffective assistance of counsel, and that the trial court failed to follow the sentencing guidelines. *See State v. O'Neal*, 9th Dist. No. 19255, 1999 WL 771917, *1-3 (Sept. 29, 1999). This Court affirmed his convictions. *Id*. at *1.

**{¶3}** Mr. O'Neal filed a motion to correct the record in January 2011, in which he alleged that the trial court had not intended to run his sentences consecutive to his federal sentences. He subsequently filed a motion to withdraw his guilty plea in August 2011, alleging that his plea was not voluntary because the trial court had not informed him that he would be subject to post-release control upon his release. The trial court overruled his motion to withdraw his guilty plea, and Mr. O'Neal has appealed, raising a single assignment of error for our review.

II.

ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED IN DENYING THE APPELLANT'S MOTION TO WITHDRAW GUILTY PLEA BECAUSE HE WAS NOT NOTIFIED OF POST RELEASE CONTROL AND BECAUSE PRIOR TO HIS PLEA HE WAS TOLD THAT HIS FEDERAL AND STATE INCARCERATION WOULD BE RUN CONCURRENT BUT RESULTED IN A CONSECUTIVE FEE (sic).

**{¶4}** Mr. O'Neal argues that the trial court did not inform him that he would be subject to post-release control, and, therefore, he must be allowed to withdraw his plea under *State v. Sarkozy*, 117 Ohio St.3d 86, 2008-Ohio-509. He also asserts that he should be allowed to withdraw his plea because he was unaware that the trial court would run his sentence consecutive to his federal sentence. However, Mr. O'Neal develops no argument on the latter point, and this Court will not create one for him. *See* App.R. 16(A)(7); *Cardone v. Cardone*, 9th Dist. No. 18349, 1998 WL 224934, *8 (May 6, 1998). Accordingly, we confine ourselves to Mr. O'Neal's arguments regarding the post-release control notification.

**{¶5}** In Mr. O'Neal's prior appeal, he asserted that the trial court failed to follow Crim.R. 11 in accepting his guilty plea. *See O'Neal*, 1999 WL 771917, *1. "The judgment of the reviewing court is controlling upon the lower court as to all matters within the compass of the judgment." *State ex rel. Special Prosecutors v. Judges, Court of Common Pleas*, 55 Ohio St.2d

94, 97 (1978). A trial court loses its jurisdiction when an appeal is taken and does not regain jurisdiction absent a remand. *Id*.

> Crim.R. 32.1 does not vest jurisdiction in the trial court to maintain and determine a motion to withdraw the guilty plea subsequent to an appeal and an affirmance by the appellate court. * * * [I]t does not confer upon the trial court the power to vacate a judgment which has been affirmed by the appellate court, for this action would affect the decision of the reviewing court, which is not within the power of the trial court to do.

*Id*. at 97-98. This Court has applied *Special Prosecutors* when a defendant has challenged the legitimacy of his plea in a prior appeal. *See, e.g., State v. Coleman*, 9th Dist. No. 11CA0070-M, 2012-Ohio-2847, ¶ 11. Thus, as this Court had considered and decided Mr. O'Neal's challenge to his plea, the trial court was without jurisdiction to grant Mr. O'Neal's motion to withdraw his plea. *See id*. *See also State v. Molnar*, 9th Dist. No. 25267, 2011-Ohio-3799, ¶ 30 (Belfance, J., concurring in judgment only) (The holding in *Special Prosecutors* applies "if an appellate court has already considered and decided the issue.").

{¶6}	Accordingly, Mr. O'Neal's assignment of error is overruled.

III.

{¶7}	Mr. O'Neal's assignment of error is overruled, and the judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
EVE V. BELFANCE
FOR THE COURT

WHITMORE, P. J.
DICKINSON, J.
CONCUR.

APPEARANCES:

JANA DELOACH, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and RICHARD S. KASAY, Assistant Prosecuting Attorney, for Appellee.