[Cite as *State v. Carnes*, 2018-Ohio-2075.]

IN THE COURT OF APPEALS

ELEVENTH APPELLATE DISTRICT

TRUMBULL COUNTY, OHIO


STATE OF OHIO,                                    :        **O P I N I O N**

           Plaintiff-Appellee,           :
                                                           **CASE NO.  2017-T-0088**
    - vs -                                      :

MARK E. CARNES,                                  :

           Defendant-Appellant.         :


Criminal Appeal from the Trumbull County Court of Common Pleas.
Case No. 2014 CR 00395.

Judgment: Affirmed.


*Dennis Watkins*, Trumbull County Prosecutor, and *Gabriel Wildman*, Assistant Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481-1092 (For Plaintiff-Appellee).

*Mark E. Carnes*, pro se, PID: A662-583, Madison Correctional Institution, 1851 State Route 56, London, OH 43140 (Defendant-Appellant).


TIMOTHY P. CANNON, J.

{¶1}    Appellant, Mark E. Carnes, appeals from the August 7, 2017 judgment of the Trumbull County Court of Common Pleas, denying his motion to withdraw his guilty plea.  The trial court's judgment is affirmed.

{¶2}    On May 16, 2014, appellant was indicted by appellee, the state of Ohio, on five counts of rape, felonies of the first degree, in violation of R.C. 2907.02(A)(2) and (B); five counts of unlawful sexual conduct with a minor, felonies of the third degree, in

violation of R.C. 2907.04(A) and (B)(3); five counts of compelling prostitution, felonies of the third degree, in violation of R.C. 2907.21(A)(2)(a) and (C); and eleven counts of illegal use of a minor in nudity-oriented material or performance, felonies of the second degree, in violation of R.C. 2907.323(A)(1) and (B). Specifically, the indictments alleged that appellant had engaged in this conduct with two female minors from 2009 through 2014. In 2009, the victims were approximately 11 and 13 years old.

{¶3} Appellant signed a written plea of guilty and pled guilty in open court to five counts of unlawful sexual conduct with a minor, five counts of compelling prostitution, and eleven counts of illegal use of a minor in nudity-oriented material or performance. The trial court accepted the plea, and a nolle prosequi was entered on the remaining five counts of rape. The trial court deferred sentencing and ordered a presentence investigation report.

{¶4} On November 13, 2014, the trial court held a sentencing hearing. Pursuant to the November 20, 2014 sentencing entry, the trial court found the five counts of unlawful sexual conduct with a minor merged with the five counts of compelling prostitution, respectively, as they were allied offenses of similar import. Appellee elected to sentence on the five counts of unlawful sexual conduct with a minor. Appellant was sentenced to 60 months imprisonment for each count of unlawful sexual conduct with a minor, to be served consecutively to each other. Appellant was also sentenced to eight years imprisonment for each of the eleven counts of illegal use of a minor in nudity-oriented material or performance, to be served concurrently with each other but consecutively to the sentences for unlawful sexual conduct with a minor. This resulted in

2

an aggregate prison term of 33 years. Appellant was also fined $10,000.00 and classified as a Tier II Sex Offender.

{¶5} Appellant filed a direct appeal from this sentencing entry, arguing the trial court's imposition of consecutive sentences was both contrary to law and not supported by the record. The judgment was affirmed in *State v. Carnes*, 11th Dist. Trumbull No. 2014-T-0120, 2015-Ohio-4429.

{¶6} On May 25, 2017, appellant filed a motion to withdraw his guilty plea, in which he argued the indictment in this case violated his constitutional right to due process and unconstitutionally denied him protection against double jeopardy. The trial court denied this motion without a hearing on May 31, 2017. No appeal was taken from this order.

{¶7} On July 31, 2017, appellant filed a second motion to withdraw his guilty plea, in which he raised the same arguments. The trial court again denied the motion without a hearing on August 7, 2017.

{¶8} Appellant noticed an appeal from this entry and asserts one assignment of error for our review:

> Mr. Carnes' conviction must be reversed because the guilty plea entered was manifest injustice where the intelligence aspect were [sic] based on an invalid indictment due to its duplicitous and multiple nature denying Mr. Carnes of his constitutional right against double jeopardy.

{¶9} Although appellant's brief on appeal is largely undecipherable, it appears his essential argument is that his pleas were not entered intelligently because of alleged defects in his indictment. Specifically, he "contest[s] the duplicitous nature of his Indictment that contained multiple counts of the same offense and where the dates of

3

birth made the latter counts incorrect and fictitious." Appellee responds that appellant's argument is barred by res judicata because it could have been raised in his direct appeal but was not.

{¶10} After a defendant has been sentenced, a court may permit withdrawal of a guilty plea only to correct a manifest injustice. Crim.R. 32.1. "The burden of establishing the existence of such injustice is upon the defendant. The logic behind this precept is to discourage a defendant from pleading guilty to test the weight of potential reprisal, and later withdraw the plea if the sentence was unexpectedly severe." *State v. Caraballo*, 17 Ohio St.3d 66, 67 (1985), citing *State v. Smith*, 49 Ohio St.2d 261 (1977), paragraph one of the syllabus, and *State v. Peterseim*, 68 Ohio App.2d 211, 213 (8th Dist.1980).

{¶11} An appellate court's "review of this matter is somewhat limited as a motion made pursuant to Crim.R. 32.1 is left to the sound discretion of the trial court. It is that court which determines the credibility of a defendant's claim in support of the motion." *Id.*, citing *Smith*, *supra*, paragraph two of the syllabus.

{¶12} Additionally, it is well-established that claims raised in a post-sentence motion to withdraw a guilty plea that were raised or could have been raised in a direct appeal may be barred by res judicata. *State v. Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, ¶59, citing *State v. McGee*, 8th Dist. Cuyahoga No. 91638, 2009-Ohio-3374, ¶9, and *State v. Totten*, 10th Dist. Franklin No. 05AP-278 & 05AP-508, 2005-Ohio-6210, ¶7; *see also State v. Curry*, 11th Dist. Ashtabula No. 2014-A-0056, 2015-Ohio-1768, ¶8 (collecting cases). "Res judicata bars the assertion of claims against a valid, final judgment of conviction that have been raised or could have been raised on appeal." *Id.*, citing *State v. Perry*, 10 Ohio St.2d 175 (1967), paragraph nine of the syllabus.

{¶13} Appellant's argument could have been raised in his direct appeal, as he relies on information that was known or available at that time, to wit: the allegations on the face of his indictment. Thus, both of his motions to withdraw his guilty plea were barred by the doctrine of res judicata. Further, even if res judicata did not apply here, appellant has not established that granting the motion to withdraw his plea is necessary to correct a manifest injustice.

{¶14} The trial court did not abuse its discretion in denying the instant motion to withdraw appellant's guilty plea.

{¶15} Appellant's assignment of error is without merit.

{¶16} The judgment of the Trumbull County Court of Common Pleas is affirmed.


THOMAS R. WRIGHT, J.,

COLLEEN MARY O'TOOLE, J.,

concur.