[Cite as *State v. Carnes*, 2020-Ohio-3566.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2020-T-0004** |
| MARK E. CARNES, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Trumbull County Court of Common Pleas.
Case No. 2014 CR 00395.

Judgment: Affirmed.

*Dennis Watkins*, Trumbull County Prosecutor, and *Ashleigh Musick*, Assistant Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481-1092 (For Plaintiff-Appellee).

*Mark E. Carnes*, pro se, PID: A662-583, Madison Correctional Institution, 1851 State Route 56, P.O. Box 740, London, OH 43140 (Defendant-Appellant).


TIMOTHY P. CANNON, P.J.

{¶1}   Appellant, Mark E. Carnes, appeals from the judgment of the Trumbull County Court of Common Pleas, entered on January 14, 2020, denying appellant's post-sentence motion to vacate his guilty plea.  The judgment is affirmed.

{¶2}   On May 16, 2014, appellant was indicted on five counts of rape, felonies of the first degree, in violation of R.C. 2907.02(A)(2) and (B); five counts of unlawful sexual conduct with a minor, felonies of the third degree, in violation of R.C. 2907.04(A)

and (B)(3); five counts of compelling prostitution, felonies of the third degree, in violation of R.C. 2907.21(A)(2)(a) and (C); and eleven counts of illegal use of a minor in nudity-oriented material or performance, felonies of the second degree, in violation of R.C. 2907.323(A)(1) and (B). The indictments alleged that appellant had engaged in this conduct with two female minors, ages 11 and 13, from 2009 through 2014. Appellant entered a plea of not guilty to all charges in the indictment.

{¶3} A change of plea hearing was held on October 2, 2014. Appellant signed a written plea of guilty to five counts of unlawful sexual conduct with a minor, five counts of compelling prostitution, and eleven counts of illegal use of a minor in nudity-oriented material or performance. The trial court accepted the plea on October 3, 2014, and a nolle prosequi was entered on the remaining five counts of rape.

{¶4} On November 13, 2014, the trial court held a sentencing hearing. The trial court merged the five counts of compelling prostitution into the five counts of unlawful sexual conduct with a minor. Appellant was sentenced to an aggregate prison term of 33 years. Appellant was also fined $10,000.00 and classified a Tier II Sex Offender.

{¶5} Appellant filed a direct appeal from this sentencing entry, arguing the trial court's imposition of consecutive sentences was both contrary to law and not supported by the record. The judgment was affirmed in *State v. Carnes*, 11th Dist. Trumbull No. 2014-T-0120, 2015-Ohio-4429.

{¶6} On May 25, 2017, appellant filed a motion to withdraw his guilty plea, in which he argued the indictment violated his constitutional right to due process and unconstitutionally denied him protection against double jeopardy. The trial court denied this motion on May 31, 2017. No appeal was taken from this order.

2

{¶7} On July 31, 2017, appellant filed a second motion to withdraw his guilty plea, in which he raised the same arguments. The trial court again denied the motion without a hearing on August 7, 2017. Appellant noticed an appeal from this entry, arguing his guilty pleas were not made intelligently because of alleged defects in his indictment. The judgment was affirmed in *State v. Carnes*, 11th Dist. Trumbull No. 2017-T-0088, 2018-Ohio-2075.

{¶8} On January 9, 2020, appellant filed a "Motion to Vacate Previously Entered Plea of 'Guilty' and to Vacate Void Judgment and For Lack of Subject Matter Jurisdiction Pursuant to Crim.R. 11, 32.1 & 52, Instanter." Appellant argued his guilty plea should be vacated because his defense counsel failed to request, and the trial court failed to make, reasonable accommodations for an alleged hearing impairment, as provided in R.C. 2311.14(A)(1): "Whenever because of a hearing, speech, or other impairment a party to or witness in a legal proceeding cannot readily understand or communicate, the court shall appoint a qualified interpreter to assist such person."

{¶9} The trial court denied the motion on January 14, 2020.

{¶10} Appellant noticed this timely appeal and asserts two assignments of error for our review:

> [1.] The trial court failed to insure [sic] that the defendant's right to a fair trial was protected, when it failed to make reasonable accommodations for his hearing impairment so he could confront his accusers.
>
> [2.] The defendant Mark E. Carnes was denied his right to effective assistance of counsel, when counsel failed to petition the court for reasonable accommodations for his hearing impairment.

{¶11} Appellant argues the trial court erred in denying his post-sentence motion to vacate his guilty plea because he was denied reasonable accommodations for his

3

hearing impairment at the plea hearing and because his defense counsel was ineffective by failing to request such accommodations. Appellee, the state of Ohio, responds that these arguments are barred by the doctrine of res judicata.

{¶12} After a criminal defendant has been sentenced, the trial court may permit withdrawal of a guilty plea only to correct a manifest injustice. Crim.R. 32.1. "The burden of establishing the existence of such injustice is upon the defendant. The logic behind this precept is to discourage a defendant from pleading guilty to test the weight of potential reprisal, and later withdraw the plea if the sentence was unexpectedly severe." *State v. Caraballo*, 17 Ohio St.3d 66, 67 (1985), citing *State v. Smith*, 49 Ohio St.2d 261 (1977), paragraph one of the syllabus, and *State v. Peterseim*, 68 Ohio App.2d 211, 213 (8th Dist.1980).

{¶13} An appellate court's "review of this matter is somewhat limited as a motion made pursuant to Crim.R. 32.1 is left to the sound discretion of the trial court. It is that court which determines the credibility of a defendant's claim in support of the motion." *Id.*, citing *Smith*, *supra*, paragraph two of the syllabus.

{¶14} Additionally, it is well-established that claims raised in a post-sentence motion to withdraw a guilty plea that were raised or could have been raised in a direct appeal may be barred by res judicata. *State v. Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, ¶59; *accord State v. Curry*, 11th Dist. Ashtabula No. 2014-A-0056, 2015-Ohio-1768, ¶8. "Thus, 'when presented with a motion to withdraw a guilty plea * * *, [appellate courts] should consider first whether the claims raised in that motion are barred by res judicata.'" *State v. Gegia*, 11th Dist. Portage No. 2003-P-0026, 2004-

4

Ohio-1441, ¶24, quoting *State v. Reynolds*, 3d Dist. Putnam No. 12-01-11, 2002-Ohio-2823, ¶27.

{¶15} "Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment or conviction, or on an appeal from that judgment." *State v. Perry* (1967), 10 Ohio St.2d 175 (1967), paragraph nine of the syllabus.

{¶16} It has been held that claims regarding the purported denial of interpreter rights under R.C. 2311.14 may be barred by the doctrine of res judicata. *See Gegia, supra*, at ¶15 & ¶24; *see also State v. Bravo*, 9th Dist. Summit No. 27881, 2017-Ohio-272, ¶40, citing *State v. Ibrahim*, 10th Dist. Franklin No. 14AP-355, 2014-Ohio-5307, ¶12. Claims of ineffective assistance of trial counsel may also be barred by the doctrine of res judicata, when such claims could have been made on direct appeal without resort to evidence outside the trial court record. *Gegia, supra*, at ¶34-35, citing *State v. Lentz*, 70 Ohio St.3d 527, 529 (1994); *see also State v. Cole*, 2 Ohio St.3d 112 (1982), syllabus.

{¶17} The arguments set forth in appellant's first assignment of error regarding the purported denial of his rights under R.C. 2311.14 could have been raised on direct appeal and, for that matter, in his initial motion to withdraw his guilty plea. Further, as the failure to request accommodations for a hearing impairment is indicated in the record and appellant was represented by new counsel on appeal, appellant could have raised his ineffective assistance claim on direct appeal.

5

{¶18} Because he failed to do so, the doctrine of res judicata barred the trial court from considering these claims of a due process violation and ineffective assistance of counsel, which appellant raised for the first time in his third successive motion to vacate his guilty plea.

{¶19} Even if the doctrine of res judicata did not bar these claims, appellant's assignments of error lack merit. Appellant has not established, and the record does not support, that granting the motion to vacate his guilty plea is necessary to correct a manifest injustice.

{¶20} The trial court did not abuse its discretion in denying appellant's "Motion to Vacate Previously Entered Plea of 'Guilty' and to Vacate Void Judgment and For Lack of Subject Matter Jurisdiction Pursuant to Crim.R. 11, 32.1 & 52, Instanter."

{¶21} Appellant's first and second assignments of error are without merit.

{¶22} The judgment of the Trumbull County Court of Common Pleas is affirmed.


THOMAS R. WRIGHT, J.,

MATT LYNCH, J.,

concur.