[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as
*State ex rel. O'Neal v. Bunting*, Slip Opinion No. 2014-Ohio-4037.]

NOTICE

This slip opinion is subject to formal revision before it is published in
an advance sheet of the Ohio Official Reports.  Readers are requested
to promptly notify the Reporter of Decisions, Supreme Court of Ohio,
65 South Front Street, Columbus, Ohio 43215, of any typographical or
other formal errors in the opinion, in order that corrections may be
made before the opinion is published.

SLIP OPINION NO. 2014-OHIO-4037

THE STATE EX REL. O'NEAL, APPELLANT, *v.* BUNTING, WARDEN, APPELLEE.

**[Until this opinion appears in the Ohio Official Reports advance sheets,**

**it may be cited as *State ex rel. O'Neal v. Bunting*,**

**Slip Opinion No. 2014-Ohio-4037.]**

*Habeas corpus—Sentencing error not cognizable in habeas corpus—Availability*
*of other adequate remedies at law precludes relief in habeas corpus—*
*Dismissal affirmed.*

(No. 2013-1736—Submitted June 24, 2014—Decided September 24, 2014.)

APPEAL from the Court of Appeals for Marion County, No. 9-13-29.

_____

**Per Curiam.**

{¶ 1} We affirm the dismissal of this habeas corpus case filed in the
Third District Court of Appeals by appellant, Steven O'Neal.  O'Neal seeks
release from prison because his sentencing entry was ambiguous as to whether he
was to serve his state sentences concurrently with or consecutively to his federal
sentence for crimes arising from the same activity.  He argues that the ambiguity

means that the sentences must be concurrent and that therefore he should be released.

{¶ 2}   The asserted ambiguity does not exist and we affirm.

*Facts*

{¶ 3}   O'Neal states that he was arrested and charged with multiple criminal offenses, both state and federal.  He states that in the federal case, he pled guilty to bank robbery and was sentenced to 15 years in prison.  He received the federal sentence before being sentenced in state court.

{¶ 4}   O'Neal asserts that in his state case, he pled guilty to felonious assault with a gun specification.  He was sentenced on July 24, 1998, receiving six years for felonious assault and an additional three for the gun specification.

{¶ 5}   O'Neal asserts that the Summit County Court of Common Pleas ordered that the three-year sentence for the gun specification must be served consecutively to the federal sentence, but the court did not rule that the six-year sentence for the felonious assault had to be served consecutively to the federal sentence.

{¶ 6}   O'Neal argues that when there is ambiguity in a sentencing entry regarding whether the sentences are to be served concurrently or consecutively, the defendant is entitled to concurrent sentences.  O'Neal asserts that because his sentencing entry is silent as to whether the six-year term is to be served concurrently with or consecutively to the federal sentence, the sentences must be concurrent.

{¶ 7}   The Summit County sentencing entry states:

> IT IS FURTHER ORDERED pursuant to the above sentence that the Defendant be conveyed to the Lorain Correctional Institution, at Grafton, Ohio; upon completion of the intake procedure the Lorain Correctional Institute shall release the

Defendant, upon demand, to the custody of the U.S. Marshall's Office for the purpose of commencing or completing a federal prosecution or sentence. FURTHER, upon completion of serving the federal sentence the Defendant shall be returned to the Lorain Correctional Institution, by the U.S. Marshall's Office, to commence serving his sentence in this case.

        \* \* \*

IT IS FURTHER ORDERED that the Three (3) Year mandatory sentence imposed in this case be served prior to and CONSECUTIVELY and not concurrently with the sentence imposed in Count Six; and also CONSECUTIVELY with his federal sentence, which is to be served prior to the sentence imposed in this case.

(Capitalization sic.)

**{¶ 8}** O'Neal filed a direct appeal, but the court of appeals overruled all assignments of error and specifically stated that the trial court had ordered that both state prison terms were to be served consecutively to the federal sentence. *State v. O'Neal,* 9th Dist. Summit No. 19255, 1999 WL 771917, \*1 (Sept. 29, 1999). O'Neal apparently failed to appeal further.

**{¶ 9}** O'Neal served his federal sentence and returned to the Ohio prison system to serve his state prison term on April 12, 2010. His release date was calculated as October 10, 2018. In January 2011, O'Neal through counsel filed a motion in the Summit County court to correct the record, seeking to modify the 1998 sentencing entry to reflect the true agreement of all the parties that the terms were to be served concurrently.

**{¶ 10}** In August 2011, O'Neal filed a motion to withdraw his guilty plea. In that motion, he asserted that his guilty plea was predicated on the expectation

that his state sentences would both run concurrently with his federal sentence. In September 2011, the court denied the motion to withdraw the guilty plea.

{¶ 11} O'Neal appealed, but the court of appeals overruled his assignment of error and affirmed the judgment of the trial court. *State v. O'Neal,* 9th Dist. Summit No. 26119, 2012-Ohio-3442. O'Neal did not appeal further.

{¶ 12} Finally, O'Neal filed the petition for a writ of habeas corpus, the subject of this appeal. On September 20, 2013, the Third District Court of Appeals granted appellee's motion to dismiss and dismissed the petition. O'Neal timely appealed to this court.

*Analysis*

{¶ 13} For three reasons, we affirm the Third District's dismissal of O'Neal's petition. First, habeas corpus is inappropriate here because sentencing errors are not jurisdictional and thus are not cognizable in habeas corpus. *Dunbar v. State*, 136 Ohio St.3d 181, 2013-Ohio-2163, 992 N.E.2d 1111, ¶ 15; *State ex rel. Hudson v. Sutula,* 131 Ohio St.3d 177, 2012-Ohio-554, 962 N.E.2d 798, ¶ 1.

{¶ 14} Second, the availability of other adequate remedies at law also precludes relief in habeas corpus. *State ex rel. Massie v. Rogers*, 77 Ohio St.3d 449, 450, 674 N.E.2d 1383 (1997). O'Neal had, and used, the alternative remedies of appeal and a motion to withdraw his guilty plea.

{¶ 15} O'Neal made the same arguments in those actions regarding his sentence that he is making here. "Where a plain and adequate remedy at law has been unsuccessfully invoked, extraordinary relief is not available to relitigate the same issue." *Childers* at 428, citing *State ex rel. Sampson v. Parrott*, 82 Ohio St.3d 92, 93, 694 N.E.2d 463 (1998).

{¶ 16} Third, even if he could overcome the procedural and jurisdictional problems with habeas here, his arguments are without merit. The sentencing entry is clear that both his state sentences are to be served consecutively to the federal sentence. The entry states:

[U]pon completion of serving the federal sentence, the Defendant shall be returned to the Lorain Correctional Institution, by the U.S. Marshall's Office, to commence serving his sentence in this case.

{¶ 17} In and of itself, this language indicates that the state sentences are to be served consecutively to the federal sentence; he could not "commence" serving his state sentence if it were concurrent with the federal sentence. The entry goes on:

[T]he Three (3) Year mandatory sentence imposed in this case [shall] be served prior to and CONSECUTIVELY and not concurrently with the sentence imposed in Count Six; and also CONSECUTIVELY with his federal sentence, which is to be served prior to the sentence imposed in this case.

(Capitalization sic.)

{¶ 18} O'Neal wants the courts to interpret this language to mean that the three-year sentence, but not the six-year sentence, was to be served consecutively to the federal sentence. But the trial court made clear that the federal sentence was to be served "prior to the sentence imposed in this case," which again indicates that the federal sentence is to be completed before the start of the state sentences. The court also stated that the state sentences were to be served consecutively to each other as well as consecutively to the federal sentence.

{¶ 19} In short, the sentencing entry is not ambiguous.

*Conclusion*

{¶ 20} The court of appeals was correct in dismissing O'Neal's petition for habeas corpus, and we affirm.

Judgment affirmed.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

_____

Jana DeLoach, for appellant.

Michael DeWine, Attorney General, and Jerri L. Fosnaught, Assistant Attorney General, for appellee.

_____