[Cite as *State ex rel. Rackley v. Sloan*, 2015-Ohio-2984.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# ASHTABULA COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO ex rel. STEVEN L. RACKLEY, | : | **PER CURIAM OPINION** |
| | : | |
| Petitioner, | | |
| | : | **CASE NO. 2015-A-0021** |
| - vs - | : | |
| BRIGHAM SLOAN, WARDEN, | : | |
| | : | |
| Respondent. | : | |

Original Action for Writ of Habeas Corpus.

Judgment: Petition dismissed.

*Steven L. Rackley*, pro se, PID: A641-397, Lake Erie Correctional Institution, P.O. Box 8000, 501 Thompson Road, Conneaut, OH 44030 (Petitioner).

*Mike DeWine*, Ohio Attorney General, State Office Tower, 30 East Broad Street, 25th Floor, Columbus, OH 43215 (For Respondent).

PER CURIAM.

{¶1} Petitioner, Steven L. Rackley, PID: A641-397, is in the custody of respondent, Brigham Sloan, Warden of the Lake Erie Correctional Institution, Ashtabula County, Ohio, on convictions for involuntary manslaughter and aggravated robbery. Mr. Rackley petitions this court for a writ of habeas corpus, pursuant to R.C. Chapter 2725, asserting that he is entitled to an immediate release from incarceration.

{¶2} In his March 27, 2015 petition, Mr. Rackley argues, inter alia, that he is entitled to release because of the following: there were defects in the criminal complaint; he was denied counsel during critical stages of the indictment; the indictment was invalid; his guilty plea was not knowing, voluntary, and intelligent; the evidence was insufficient to sustain his conviction; his counsel was ineffective; and his right to a speedy trial was violated.

{¶3} By way of background, on April 24, 2013, Mr. Rackley, with the assistance of counsel, pled guilty in the Cuyahoga County Court of Common Pleas, Case No. CR-12-563955-A, to the following two counts: involuntary manslaughter, a felony of the first degree, in violation of R.C. 2903.04(A); and aggravated robbery, a felony of the first degree, in violation of R.C. 2911.01(A)(3). The trial court sentenced Mr. Rackley to a total of 19 years in prison.

{¶4} Mr. Rackley acknowledges that he has filed a delayed appeal in the Eighth District Court of Appeals; an App.R. 26(A) motion for reconsideration in the Eighth District Court of Appeals; an appeal to the Supreme Court of Ohio; and a petition for postconviction relief in the Cuyahoga County Court of Common Pleas. In addition to the foregoing, Mr. Rackley filed this petition for a writ of habeas corpus. Respondent filed a Civ.R. 12(B)(6) motion to dismiss on April 28, 2015.

{¶5} "[W]hen a party files a motion to dismiss for failure to state a claim, all the factual allegations of the complaint must be taken as true and all reasonable inferences must be drawn in favor of the non-moving party." *Byrd v. Faber*, 57 Ohio St.3d 56, 60 (1991).

2

**{¶6}** Habeas corpus is an available remedy only in "certain extraordinary circumstances where there is an unlawful restraint of a person's liberty, notwithstanding the fact that only nonjurisdictional issues are involved, but only where there is no adequate legal remedy, e.g., appeal or postconviction relief." *State ex rel. Jackson v. McFaul*, 73 Ohio St.3d 185, 186 (1995), citing *State ex rel. Pirman v. Money*, 69 Ohio St.3d 591, 593 (1994). "Additionally, habeas corpus lies only if the petitioner is entitled to immediate release from confinement." *Id.* at 188, citing *Pewitt v. Lorain Corr. Inst.*, 64 Ohio St.3d 470, 472 (1992) and R.C. 2725.17.

**{¶7}** Upon review, Mr. Rackley's claims are not cognizable under a petition for habeas corpus. He had an adequate remedy at law in the form of an appeal and a postconviction motion for relief to raise such alleged errors. Under the doctrine of res judicata, Mr. Rackley is barred from litigating, in a collateral proceeding, any claims which either were raised or could have been previously raised. *See, e.g., State v. Perry*, 10 Ohio St.2d 175 (1967). Mr. Rackley is not entitled to the extraordinary and extreme form of relief requested, i.e., immediate release from the custody of the state.

**{¶8}** Viewing the allegations in the light most favorable to Mr. Rackley, we find that he has failed to state a claim upon which relief can be granted. *See Thornton v. Russell*, 82 Ohio St.3d 93, 94 (1998) (any defect in the criminal complaint filed in municipal court is not cognizable in habeas corpus because petitioner was never convicted and sentenced on the complaint – instead, petitioner was convicted and sentenced upon the indictment); *State ex rel. Tarr v. Williams*, 112 Ohio St.3d 51, 2006-Ohio-6368, ¶4 (habeas corpus is not available to remedy claims concerning the validity of an indictment); *Jones v. Kelley*, 11th Dist. Trumbull No. 2010-T-0020, 2010-Ohio-

3

3682, ¶11 (manifest weight and sufficiency claims cannot be reviewed as part of a habeas corpus proceeding as such issues can be raised via direct appeal); *Casey v. Hudson*, 113 Ohio St.3d 166, 2007-Ohio-1257, ¶3 (claims involving ineffective assistance of counsel or the alleged denial of the right to counsel are not cognizable in habeas corpus); *Tabor v. Goodrich*, 11th dist. Ashtabula No. 2011-A-0075, 2012-Ohio-647, ¶7 (plea irregularities are not jurisdictional in nature and thus are not cognizable claims under habeas corpus); *Travis v. Bagley*, 92 Ohio St.3d 322, 323 (2001) (a claimed violation of a criminal defendant's right to a speedy trial is not cognizable in habeas corpus).

{¶9} Accordingly, it is the order of this court that respondent's motion to dismiss is hereby granted and Mr. Rackley's habeas corpus petition is dismissed. Any pending motions are hereby overruled as moot.

TIMOTHY P. CANNON, P.J., CYNTHIA WESTCOTT RICE, J., COLLEEN MARY O'TOOLE, J., concur.