[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Rackley v. Sloan,* Slip Opinion No. 2016-Ohio-3416.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2016-OHIO-3416

THE STATE EX REL. RACKLEY, APPELLANT, *v.* SLOAN, WARDEN, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Rackley v. Sloan,* Slip Opinion No. 2016-Ohio-3416.]

*Habeas corpus—Claims for which appellant seeks relief are not cognizable in habeas corpus, and he possessed an adequate remedy at law to assert them—Court of appeals' dismissal of petition for writ affirmed.*

(No. 2015-1364—Submitted February 23, 2016—Decided June 16, 2016.)

APPEAL from the Court of Appeals for Ashtabula County,

No. 2015-A-0021, 2015-Ohio-2984.

_____

**Per Curiam.**

{¶ 1} Appellant, Steven L. Rackley, appeals from the judgment of the Eleventh District Court of Appeals dismissing his petition for a writ of habeas corpus. Because he has, and has used, alternative remedies at law to raise his habeas claims, we affirm.

### *Relevant Background*

**{¶ 2}** In April 2013, Rackley pleaded guilty to involuntary manslaughter and aggravated robbery and the trial court sentenced him to 19 years in prison. *State v. Rackley*, 8th Dist. Cuyahoga No. 102962, 2015-Ohio-4504. He is currently serving his prison sentence at the Lake Erie Correctional Institution.

**{¶ 3}** In March 2015, Rackley filed a petition for a writ of habeas corpus in the Eleventh District Court of Appeals. He argued that he did not receive adequate notice of the charges against him, the municipal court failed to advise him of his constitutional rights, no proper arrest warrant had been issued and his case was improperly bound over to the common pleas court, and his indictment was improperly amended. He further claimed that he was deprived of his right to counsel at the indictment stage, his guilty plea was involuntary and not supported by sufficient evidence, a written plea agreement was never executed, his right to a speedy trial was violated, and his trial attorney was ineffective for various failures. The court of appeals dismissed the petition because he had an adequate remedy "in the form of an appeal and a postconviction motion for relief to raise such alleged errors." 2015-Ohio-2984, ¶ 7.

**{¶ 4}** In this appeal of right, Rackley challenges the appellate court's judgment and reasserts his habeas claims. He also requests that this court hold an evidentiary hearing on his claims and has filed a motion requesting that this court suspend bail and the execution of his sentence. In addition to responding to Rackley's substantive claims, appellee, Warden Brigham Sloan, argues that we should order Rackley to pay any filing fees associated with this appeal.

### *Analysis*

**{¶ 5}** We affirm the appellate court's judgment dismissing Rackley's habeas petition. The claims for which he seeks relief are not cognizable in habeas corpus, and he possessed an alternative remedy at law to assert those claims.

**{¶ 6}** Habeas corpus is not available to challenge any defect " 'caused by the alleged failure to file criminal complaints or the claimed impropriety of the [trial] court's assumption of jurisdiction over [criminal] charges.' " *Harris v. Bagley*, 97 Ohio St.3d 98, 2002-Ohio-5369, 776 N.E.2d 490, ¶ 3, quoting *Taylor v. Mitchell*, 88 Ohio St.3d 453, 454, 727 N.E.2d 905 (2000). " 'The manner by which an accused is charged with a crime is procedural rather than jurisdictional, and after a conviction for crimes charged in an indictment, the judgment binds the defendant for the crime for which he was convicted.' " *State ex rel. Nelson v. Griffin*, 103 Ohio St.3d 167, 2004-Ohio-4754, 814 N.E.2d 866, ¶ 6, quoting *Orr v. Mack*, 83 Ohio St.3d 429, 430, 700 N.E.2d 590 (1998). An illegal arrest "does not affect the validity of subsequent proceedings based on a valid indictment nor furnish [a] ground for release by habeas corpus after conviction." *Krauter v. Maxwell*, 3 Ohio St.2d 142, 144, 209 N.E.2d 571 (1965).

**{¶ 7}** Rackley was charged in an indictment issued by the Cuyahoga County Grand Jury, and he pleaded guilty and was ultimately sentenced on that indictment. *State v. Rackley*, 2015-Ohio-4504, ¶ 3-4. Therefore, the trial court possessed the requisite jurisdiction to accept his guilty pleas and sentence him to prison. *See* R.C. 2931.03.

**{¶ 8}** In addition, habeas corpus will not lie for claims challenging the sufficiency of the evidence, *State ex rel. Tarr v. Williams*, 112 Ohio St.3d 51, 2006-Ohio-6368, 857 N.E.2d 1225, ¶ 4, or for claims challenging the validity of a guilty plea, *Pollock v. Morris*, 35 Ohio St.3d 117, 518 N.E.2d 1205 (1988). Rackley alleges many deficiencies and failures on the part of his trial counsel and also alleges that the trial court denied his right to counsel at the indictment stage, but "[c]laims involving the ineffective assistance of counsel or the alleged denial of the right to counsel are not cognizable in habeas corpus," *Bozsik v. Hudson*, 110 Ohio St.3d 245, 2006-Ohio-4356, 852 N.E.2d 1200, ¶ 7.

**{¶ 9}** Habeas corpus is also not available to challenge the validity or sufficiency of an indictment, as such a claim is "nonjurisdictional in nature, and should [be] raised in an appeal of [a] criminal conviction rather than in habeas corpus." *State ex rel. Raglin v. Brigano*, 82 Ohio St.3d 410, 696 N.E.2d 585 (1998). The initial indictment charged Rackley with aggravated murder, and he entered a guilty plea to a reduced charge of involuntary manslaughter, *State v. Rackley* at ¶ 3-4, which is a lesser-included offense, *State v. Thomas*, 40 Ohio St.3d 213, 533 N.E.2d 286 (1988), paragraph one of the syllabus. "An accused can properly plead guilty to a lesser included offense of the charge for which he was indicted, and habeas corpus will not lie to challenge a conviction on this plea." *Gunnell v. Lazaroff*, 90 Ohio St.3d 76, 77, 734 N.E.2d 829 (2000). And finally, "[a] claimed violation of a criminal defendant's right to a speedy trial is not cognizable in habeas corpus." *Travis v. Bagley*, 92 Ohio St.3d 322, 323, 750 N.E.2d 166 (2001).

**{¶ 10}** Moreover, the court of appeals correctly determined that Rackley has or had an adequate remedy at law in the form of direct appeal and postconviction relief to raise his alleged trial-level errors. 2015-Ohio-2984, at ¶ 7. Rackley has acknowledged that since his convictions, he has filed "a delayed appeal in the Eighth District Court of Appeals; an App.R. 26(A) motion for reconsideration in the Eighth District Court of Appeals; an appeal to the Supreme Court of Ohio; and a petition for postconviction relief in the Cuyahoga County Court of Common Pleas." *Id*. at ¶ 4. The availability of alternative remedies at law, even if those remedies were not sought or were unsuccessful, precludes a writ of habeas corpus. *State ex rel. O'Neal v. Bunting*, 140 Ohio St.3d 339, 2014-Ohio-4037, 18 N.E.3d 430, ¶ 15.

**{¶ 11}** Finally, since Rackley filed a notarized affidavit of indigence contemporaneously with his notice of appeal to this court, pursuant to S.Ct.Prac.R. 3.06, his indigence is a matter of record and we will not tax the costs of this appeal to him.

{¶ 12} For the foregoing reasons, we affirm the judgment of the court of appeals.  We also deny as moot Rackley's amended motion for an evidentiary hearing and his motion to suspend bail and the execution of his sentence.

Judgment affirmed.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

_____

Steven L. Rackley, pro se.

Michael DeWine, Attorney General, and Jerri L. Fosnaught, Assistant Attorney General, for appellee.

_____