[Cite as *Jackson v. Cook, Warden*, 2019-Ohio-4194.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| DENNIS D. JACKSON | : | JUDGES: |
| | : | |
| Petitioner | : | Hon., W. Scott Gwin, PJ. |
| | : | Hon., Patricia A. Delaney, J. |
| | : | Hon., William B. Hoffman., J. |
| -vs- | : | |
| | : | |
| BRIAN COOK, WARDEN | : | Case No. 19CA27 |
| | : | |
| Respondent | : | O P I N I O N |

CHARACTER OF PROCEEDING:         Writ of Habeas Corpus

JUDGMENT:         Dismissed

DATE OF JUDGMENT:         October 10, 2019

APPEARANCES:

For Petitioner:                                  For Respondent:

Dennis D. Jackson #A645-759          Dave Yost
Southeastern Correctional Institution   Ohio Attorney General
5900 B.I.S Road                            William H. Lamb
Lancaster, Ohio  43130                     Assistant Attorney General
                                           Criminal Justice Section
                                           441 Vine Street
                                           1600 Carew Tower
                                           Cincinnati, Ohio  45202

*Delaney,J.*

{¶1} On June 27, 2019, Dennis Jackson filed a petition for writ of habeas corpus on the basis that his speedy trial rights were violated following a mistrial and commencement of a second trial. Mr. Jackson claims the trial court lost jurisdiction before the start of his second trial on December 3, 2010. This is the only basis for Mr. Jackson's writ. The Ohio Attorney General has moved to dismiss the writ.

{¶2} The Court grants the motion to dismiss because "[a] claimed violation of a criminal defendant's right to speedy trial is not cognizable in habeas corpus." *Travis v. Bagley*, 92 Ohio St.3d 322, 323, 750 N.E.2d 166 (2001), citing *Brown v. Leonard*, 86 Ohio St.3d 593, 716 N.E.2d 183 (1999); *State ex rel. Rackley v. Sloan*, 150 Ohio St.3d 11, 2016-Ohio-3416, 78 N.E.3d 819, ¶9. Instead, an appeal is the appropriate remedy. *Travis* at 323, citing *State ex rel. Brantley v. Anderson*, 77 Ohio St.3d 446, 674 N.E.2d 1380 (1997).

{¶3} Further, Mr. Jackson had an adequate remedy at law, by way of a direct appeal, which he pursued in the Second District Court of Appeals. *See State v. Jackson*, 2nd Dist. Montgomery No. 24430, 2012-Ohio-2335. In his direct appeal, Mr. Jackson raised the very same speedy trial argument that he sets forth in his petition for writ of habeas corpus. *Id.* at ¶¶15-33. The availability of this alternative remedy, which Mr. Jackson pursued unsuccessfully on the speedy trial issue, precludes a writ of habeas corpus. *See Rackley* at ¶10, citing *State ex rel. O'Neal v. Bunting*, 140 Ohio St.3d 339, 2014-Ohio-4037, 18 N.E.3d 430, ¶15 ("The availability of alternative remedies at law, even if those remedies were not sought or were unsuccessful, precludes a writ of habeas corpus.")

{¶4}    Because a writ of habeas corpus may not be used to challenge an alleged denial of a speedy trial right and extraordinary relief is not available to re-litigate the same issue already unsuccessfully litigated, the writ is dismissed.

{¶5}    The clerk of courts is hereby directed to serve upon all parties not in default notice of this judgment and its date of entry upon the journal. *See* Civ.R. 58(B).


By, Gwin, P.J.

Delaney, J. and

Hoffman, J. concur.

[Cite as *Jackson v. Cook, Warden*, 2019-Ohio-4194.]