[Cite as *State v. Snowden*, 2021-Ohio-2885.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## TRUMBULL COUNTY

| | |
|---|---|
| STATE OF OHIO, | CASE NO. 2021-T-0008 |
| Plaintiff-Appellee, | |
| - v - | Civil Appeal from the Court of Common Pleas |
| WILLIAM SNOWDEN, JR., | Trial Court No. 2013 CR 00715 |
| Defendant-Appellant. | |

# O P I N I O N

Decided: August 23, 2021
Judgment: Affirmed

*Dennis Watkins*, Trumbull County Prosecutor, and *Ashleigh Musick*, Assistant Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481 (For Plaintiff-Appellee).

*William Snowden, Jr.*, pro se, 216 Churchill Road, Girard, OH 44420 (Defendant-Appellant).

MATT LYNCH, J.

{¶1} Defendant-appellant, William Snowden, Jr., appeals the denial of his Motion to Vacate Void Judgment. For the following reasons, we affirm the decision of the court below.

{¶2} On September 22, 2014, Snowden pled "no contest" to two counts of Operating a Motor Vehicle While Under the Influence of Alcohol or Drugs with a Specification of Repeat OVI Offender, fourth degree felonies in violation of R.C. 4511.19(A)(1)(a) (operating a vehicle "under the influence of alcohol, a drug of abuse, or

a combination of them") and (A)(2)(a) and (b) (refusing to submit to a chemical test or tests subsequent to being arrested for OVI having been previously convicted of OVI).

{¶3} Based on the version of R.C. 4511.19 in effect at the time Snowden committed the offenses (July 20, 2013), OVI was a fourth-degree felony carrying a mandatory prison term of one to five years under certain conditions: "an offender who, within six years of the offense, previously has been convicted of or pleaded guilty to three or four violations of division (A) or (B) of this section or other equivalent offenses or an offender who, within twenty years of the offense, previously has been convicted of or pleaded guilty to five or more violations of that nature is guilty of a felony of the fourth degree," and, for violations of division (A)(1)(a) or (A)(2), "[t]he court shall sentence the offender to * * * a mandatory prison term of one, two, three, four, or five years." R.C. 4511.19(G)(1)(d)(i) and (ii).

{¶4} The underlying Indictment charged, with respect to both OVI counts, that Snowden, "within twenty years of the offense, previously has been convicted of or pleaded guilty to five or more violations of division (A) or (B) of section 4511.19 of the Ohio Revised Code, to-wit: on or about 06/04/2009, in Girard Municipal Court, Case No. 2009-TRC-1396; on or about 10/01/2003, in Niles Municipal [Court], Case No. 2003-TRC-001418; on or about 03/23/2000, in Warren Municipal Court, Case No. 1999-TRC-08034; on or about 10/21/1997, in Chardon Municipal Court, Case No. 1997-TRC-9062; [and] on or about 04/11/1994, in Warren Municipal Court, Case No. 1994-TRC-588."

{¶5} Pursuant to the Specification of Repeat OVI Offender, when "the offender is being sentenced for a fourth degree felony OVI offense[,] * * * the court shall impose upon the offender a mandatory prison term of one, two, three, four, or five years," if the

2

indictment "specifies that the offender, within twenty years of the offense, previously has been convicted of or pleaded guilty to five or more equivalent [OVI] offenses." R.C. 2929.13(G)(2) and R.C. 2941.1413.

{¶6} On September 23, 2014, the trial court, having merged the OVI counts, imposed mandatory prison terms of one year for OVI and one year for the Specification of Repeat OVI Offender to be served consecutively.

{¶7} Snowden filed a direct appeal in which he challenged the constitutionality of the Specification of Repeat OVI Offender statute, the imposition of consecutive prison terms, the underlying factual basis for the conviction, and the constitutional effectiveness of trial counsel. In *State v. Snowden*, 11th Dist. Trumbull No. 2014-T-0092, 2015-Ohio-2611, this court affirmed his conviction and sentence.

{¶8} On November 17, 2020, Snowden filed a Motion to Vacate Void Judgment. Snowden argued that the judgment against him was void inasmuch as it "was a direct result of prosecutor misconduct and a violation of *Brady [v.] Maryland*, 373 U.S. 83 (1963)."

{¶9} On January 26, 2021, the trial court denied the Motion to Vacate construed as one for postconviction relief. The court noted that the Motion was untimely pursuant to R.C. 2953.21(A)(2)(a) ("a petition * * * shall be filed no later than three hundred sixty-five days after the date on which the trial transcript is filed in the court of appeals"). The court further found, "upon review of the Defendant's Motion and accompanying memorandum in support, * * * that the Defendant has presented no evidence of prosecutorial misconduct or a Brady violation."

{¶10} On February 22, 2021, Snowden filed a Notice of Appeal. On appeal, he

3

Case No. 2021-T-0008

raises the following assignments of error:

{¶11} "[1.] This Appellant was innocent of the charged crime. There were multiple due process and constitutional violations committed in the trial court. The Judge was prohibited by statute from imposing a prison term. State and Federal [precedents] declare the judgment is void."

{¶12} "[2.] A Judge and Prosecutor ignored a written request for bill of particulars that caused a Defendant to be wrongfully imprisoned and the Defendant has proof beyond all reasonable doubt as to his innocence of the aggravated felony he was convicted of, a hearing should be held to remove the unlawful conviction that carries serious lifelong consequences."

{¶13} Snowden is collaterally challenging his felony OVI conviction on the grounds that the Indictment was void. If true, considerations of timeliness and res judicata would not bar this court from overturning the conviction.

{¶14} "A judgment of conviction based on an indictment which does not charge an offense is void for lack of jurisdiction of the subject matter and may be successfully attacked either on direct appeal to a reviewing court or by a collateral proceeding." *State v. Cimpritz*, 158 Ohio St. 490, 110 N.E.2d 416 (1953), paragraph six of the syllabus. It has subsequently been clarified, however, that defects in an indictment, such as the omission of the essential element of a crime in the charging instrument, do not implicate a court's subject matter jurisdiction or render the conviction void. *State ex rel. Rackley v. Sloan*, 150 Ohio St.3d 11, 2016-Ohio-3416, 78 N.E.3d 819, ¶ 9 (challenges to the validity or sufficiency of an indictment are "nonjurisdictional in nature") (citation omitted). "[A] defective indictment renders the charge voidable, not void," and such error "does not

4

Case No. 2021-T-0008

deprive the trial court of subject-matter jurisdiction." (Citations omitted.) *State v. Parker*, 8th Dist. Cuyahoga No. 109950, 2021-Ohio-1090, ¶ 14.

{¶15} Claims that an indictment is defective or insufficient, being merely voidable, must be raised in a direct appeal. "[A]fter a judgment of conviction for the crime sought to be charged in such indictment, such a collateral attack would no longer be effective because the judgment of conviction necessarily binds a defendant, where the court rendering it has jurisdiction of the person of the defendant and also jurisdiction of the subject matter, i.e., jurisdiction to try the defendant for the crime for which he was convicted." *State v. Wozniak*, 172 Ohio St. 517, 522-523, 178 N.E.2d 800 (1961). "Such a judgment of conviction is necessarily binding as between the state and the defendant and can only be set aside by a direct and not a collateral attack." *Id.* at 523; *State ex rel. Bandarapalli v. Gallagher*, 128 Ohio St.3d 314, 2011-Ohio-230, 943 N.E.2d 1020, ¶ 1; *Midling v. Perrini*, 14 Ohio St.2d 106, 236 N.E.2d 557 (1968), syllabus; *Pishok v. Kelly*, 11th Dist. Trumbull No. 2008-T-0093, 2009-Ohio-287, ¶ 13.

{¶16} The distinction between a void and voidable indictment has been described thus:

> The 'void' class includes those setting forth facts which in no conceivable form can constitute a criminal offense; or if they might constitute an offense, the court issuing the process had no jurisdiction over such offense or the person charged with the offense. The 'voidable' class includes those where a bona fide attempt has been made to charge a possible offense under the statute, but by reason of some defect or irregularity such charge is per se insufficient in law.

*Brinkman v. Drolesbaugh*, 97 Ohio St. 171, 173, 119 N.E. 451 (1918).

{¶17} Snowden argues that the underlying Indictment charged him with a crime that does not exist, i.e., that there is no such crime as fourth-degree felony OVI based on

5

Case No. 2021-T-0008

five prior OVI convictions within a twenty-year period: "The 20 year look back only applies * * * when the offender is guilty of aggravated vehicular homicide or aggravated vehicular assault. * * * This is the law as enacted by the Ohio General Assembly. In this case the Appellant had no aggravating factors that would raise his misdemeanor to a felony or allow a prison sentence. The Judge could not legally convict the Appellant due to the fact [that] written legislative statute would not allow it." Appellant's brief at 3-4.

{¶18} Whether the defect described by Snowden would render the Indictment void or voidable is immaterial in the present case. Contrary to Snowden's position, neither fourth-degree felony OVI nor the Specification of Repeat OVI Offender require a predicate conviction for Aggravated Vehicular Homicide (R.C. 2903.06) or Aggravated Vehicular Assault (R.C. 2903.08). Snowden has cited no statute to substantiate his claim and this court is not aware of any such statute. In the absence of any demonstrated error or defect in the Indictment, there are no grounds for considering the challenge to his conviction.

{¶19} The assignments of error are without merit.

{¶20} For the foregoing reasons, the denial of Snowden's Motion to Vacate Void Judgment is affirmed. Costs to be taxed against the appellant.


THOMAS R. WRIGHT, J.,

JOHN J. EKLUND, J.,

concur.

6