[Cite as *State v. Feathers*, 2021-Ohio-4137.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## PORTAGE COUNTY

STATE OF OHIO,

      Plaintiff-Appellee,

- v -

DAVID E. FEATHERS,

      Defendant-Appellant.

CASE NO. 2021-P-0004

Criminal Appeal from the
Court of Common Pleas

Trial Court No. 2004 CR 00424

---

### O P I N I O N

Decided: November 22, 2021
Judgment: Affirmed

---

*Victor V. Vigluicci*, Portage County Prosecutor, and *Pamela J. Holder*, Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*David E. Feathers*, pro se, PID# A763-828, Marion Correctional Institution, 940 Marion-Williamsport Road, P.O. Box 57, Marion, OH 43302 (Defendant-Appellant).

MATT LYNCH, J.

{¶1}    Defendant-appellant, David E. Feathers, appeals from the judgment of the Portage County Court of Common Pleas, denying his request to withdraw his guilty plea. For the following reasons, we affirm the judgment of the lower court.

{¶2}    On November 4, 2004, Feathers was indicted for Aggravated Burglary, a felony of the first degree, in violation of R.C. 2911.11(A)(1) and (2); Felonious Assault, a felony of the second degree, in violation of R.C. 2903.11(A)(1) and (2); and Domestic Violence, a felony of the fifth degree, in violation of R.C. 2919.25. He was convicted of these offenses following a jury trial. On appeal, this court found reversible error relating to the

admission of evidence and remanded for a new trial. *State v. Feathers*, 11th Dist. Portage No. 2005-P-0039, 2007-Ohio-3024.

{¶3} Feathers filed a supplemental motion to dismiss the indictment on January 28, 2008, arguing that the Domestic Violence offense arose from different circumstances than the other two offenses and it should not be joined with those charges in the indictment. The court denied the motion.

{¶4} On January 31, 2008, an amended indictment was issued, which, inter alia, changed the level of offense for Domestic Violence to a fourth-degree felony. On May 28, 2008, Feathers entered a plea of guilty to the offenses as charged in the amended indictment. He was sentenced to consecutive prison terms of eight years for Aggravated Burglary, four years for Felonious Assault, and one year for Domestic Violence.

{¶5} After receiving judicial release in 2015, a motion to revoke was granted and the trial court issued an October 23, 2019 judgment ordering Feathers to serve the remainder of his prison term.

{¶6} Feathers filed a December 14, 2020 Motion to Withdraw Guilty Plea, asserting his guilty plea was invalid because the indictment was void. The trial court denied this motion.

{¶7} On appeal, Feathers raises the following assignments of error:

{¶8} "[1.] The trial court abused its discretion in not properly reviewing jurisdictional defects addressed in the appellant's motion to withdraw his guilty plea to a void offense to the prejudice of appellant in failing to take corrective measures and to dismiss the indictment after defendant successfully demonstrated that the original indictment was obtained on the basis of false or misleading information and an abuse of grand jury by the prosecution, as

2

well as prosecutorial misconduct during the course of the pre trial and trial adjudications, the net effect of which permeated the entire course of the proceedings in the trial court including but not limited to the following appeals on remand, and following the guilty plea, conviction and sentence.

{¶9} "[2.] The appellant unknowingly entered a guilty plea to an invalid amended indictment when the jurisdiction of the unrelated domestic violence offense was gone." (Typographical errors edited throughout for clarity.)

{¶10} We will consider Feathers' assignments of error jointly since they both relate to whether his guilty pleas were intelligently and voluntarily entered when there was an allegedly invalid indictment. Feathers argues that the date and time of the Domestic Violence offense differed from that of the other two offenses and, thus, should have been charged in a separate indictment. He further questions whether the facts presented to the grand jury regarding the date and location of the Domestic Violence offense were accurate given testimony presented at the trial.

{¶11} Criminal Rule 32.1 provides that "to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." "A defendant who seeks to withdraw a plea of guilty after the imposition of sentence has the burden of establishing the existence of manifest injustice." *State v. Smith*, 49 Ohio St.2d 261, 361 N.E.2d 1324 (1977), paragraph one of the syllabus. "This term has been variously defined, but it is clear that under such standard, a postsentence withdrawal motion is allowable only in extraordinary cases." *Id.* at 264. Appellate review of the present matter "is somewhat limited as a motion made pursuant to Crim.R. 32.1 is left to the sound discretion of the trial court." *State v. Carabello*, 17 Ohio St.3d 66, 67, 477 N.E.2d 627 (1985).

3

{¶12} "Res judicata bars the assertion of claims against a valid, final judgment of conviction that have been raised or could have been raised on appeal." *State v. Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, 935 N.E.2d 9, ¶ 59, citing *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph nine of the syllabus. "[I]t is well-established that claims raised in a post-sentence motion to withdraw a guilty plea that were raised or could have been raised in a direct appeal may be barred by res judicata." *State v. Carnes*, 11th Dist. Trumbull No. 2020-T-0004, 2020-Ohio-3566, ¶ 14; *Ketterer* at ¶ 59.

{¶13} Feathers raises concerns with the indictment, specifically asserting that he believes Domestic Violence should not have been indicted together with the other offenses due to the difference in time and location of the crimes. This is an issue that should have been properly raised in a prior appeal. *See State v. Carnes*, 11th Dist. Trumbull No. 2017-T-0088, 2018-Ohio-2075, ¶ 13 (appellant's "argument could have been raised in his direct appeal, as he relies on information that was known or available at that time, to wit: the allegations on the face of his indictment"). Of note, Feathers did raise the related issue of whether the offenses could be joined in one trial in a prior appeal, which issue this court found had been waived since he failed to renew his motion for severance. *Feathers*, 2007-Ohio-3024, at ¶ 134-135. Further, it has been held that issues relating to the validity of the indictment, including the severance of offenses, are waived when a defendant enters a plea of guilty to the indictment. *State v. Patterson*, 5th Dist. Stark No. 2003CA00135, 2004-Ohio-1569, ¶ 13; *see also State v. Heise*, 8th Dist. Cuyahoga Nos. 108286 and 108776, 2020-Ohio-662, ¶ 13 ("by failing to timely object to the indictment and by pleading guilty to aggravated burglary pursuant to a negotiated plea agreement, we find [the defendant] has waived his right to challenge any alleged defect in the indictment"). Thus, Feathers'

4

arguments relating to the indictment have been waived and are barred by the doctrine of res judicata.

{¶14} Feathers argues that the doctrine of res judicata does not apply because the indictment was void. "A judgment of conviction based on an indictment which does not charge an offense is void for lack of jurisdiction of the subject matter and may be successfully attacked either on direct appeal to a reviewing court or by a collateral proceeding." *State v. Cimpritz*, 158 Ohio St. 490, 110 N.E.2d 416 (1953), paragraph six of the syllabus. However, "[a] defective indictment renders the charge voidable, not void," which "does not deprive the trial court of subject-matter jurisdiction." (Citations omitted.) *State v. Snowden*, 11th Dist. Trumbull No. 2021-T-0008, 2021-Ohio-2885, ¶ 14; *State ex rel. Rackley v. Sloan*, 150 Ohio St.3d 11, 2016-Ohio-3416, 78 N.E.3d 819, ¶ 9 (challenges to the validity or sufficiency of an indictment are "nonjurisdictional in nature") (citation omitted). A void indictment has been described as one "setting forth facts which in no conceivable form can constitute a criminal offense; or if they might constitute an offense, the court issuing the process had no jurisdiction over such offense or the person charged with the offense." *Id.* at ¶ 16, citing *Brinkman v. Drolesbaugh*, 97 Ohio St. 171, 119 N.E. 451 (1918), syllabus. In contrast, a voidable indictment is one where "a bona fide attempt has been made to charge a possible offense under the statute, but by reason of some defect or irregularity such charge is per se insufficient in law." *Id.*

{¶15} Here, there is no question the offense of Domestic Violence as charged in the indictment was a valid offense and Feathers has made no demonstration that the court lacked jurisdiction. The fact that Feathers believed this offense should have been severed

5

from the others does not render the indictment void. Thus, the doctrine of res judicata applies.

{¶16} Feathers also contends the domestic violence offense "was not presented to the grand jury with the facts that were based on the alleged charges." This appears to be based on his assertion that facts presented at his 2005 trial established a different location of the offenses than the indictment. This argument is somewhat unclear since the indictment does not state the specific location of the domestic violence offense except to indicate that it occurred in Portage County. Nonetheless, to the extent that Feathers attempts to raise issues with the evidence presented at trial, we emphasize that the convictions resulting from that trial were reversed and Feathers chose to enter a guilty plea to each of the charges in the amended indictment. There are no grounds to compare the facts presented at a trial to those presented to the grand jury. Similarly, to the extent Feathers appears to raise an issue with venue and jurisdiction relating to the location of the offenses, as noted above, the indictment alleged that the offenses occurred in Portage County and Feathers entered a plea of guilty under this indictment in the proper venue of the Portage County Court of Common Pleas.

{¶17} Feathers' first and second assignments of error are without merit.

{¶18} For the foregoing reasons, the judgment of the Portage County Court of Common Pleas, denying Feathers' request to withdraw his guilty plea, is affirmed. Costs to be taxed against appellant.

CYNTHIA WESTCOTT RICE, J.,

THOMAS R. WRIGHT, J.,

concur.

6

Case No. 2021-P-0004