[Cite as *Gordon v. Smith*, 2024-Ohio-5065.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## BELMONT COUNTY

DANTÉ D. GORDON,

Petitioner,

v.

SHELBY SMITH, WARDEN,

Respondent.

---

**OPINION AND JUDGMENT ENTRY**
Case No. 24 BE 0007

---

Writ of Habeas Corpus

**BEFORE:**
Mark A. Hanni, Carol Ann Robb, Katelyn Dickey, Judges.

---

**JUDGMENT:**
Dismissed.

---

Dante D. Gordon, *Pro se*, Petitioner and

*Atty. Dave Yost*, Ohio Attorney General, and *Atty. Lisa K. Browning,* Senior Assistant Attorney General, Criminal Justice Section, for Respondent.

Dated: October 22, 2024

**PER CURIAM.**

{¶1} Petitioner Danté D. Gordon has filed this original action for a writ of habeas corpus seeking his immediate release from the Belmont Correctional Institution (BECI). BECI is one of the Ohio Department of Rehabilitation and Correction's prison facilities. Gordon is a self-represented prison inmate and his petition names the BECI's warden, Shelby Smith, as Respondent. Gordon argues the trial court was without jurisdiction to convict and sentence him. The warden has filed a motion to dismiss under Civ.R. 12(B)(6). Because Gordon's claims are not cognizable in a habeas corpus proceeding, we grant the warden's motion and dismiss the complaint.

*Facts & Procedural History*

{¶2} In the early morning hours of December 7, 1997, Gordon and Gregory Parnagian got into an argument in the dining room of a home in Akron, Ohio. In front of multiple witnesses, Gordon pulled a handgun from his waistband, put it to Parnagian's head and pulled the trigger, killing him. Later that day, a police detective filed a complaint in Akron Municipal Court charging Gordon with aggravated murder in violation of R.C. 2903.01(A) and a warrant was issued for his arrest. *State of Ohio v. Danté Gordon*, Akron M.C. No. 97-CR-13441 (Dec. 7, 1997).

{¶3} Cincinnati police arrested Gordon approximately eight months later on an unrelated charge. Upon discovery of Gordon's aggravated murder arrest warrant, Akron police were notified and they took custody of him from the Hamilton County Jail on August 4, 1998. Gordon was arraigned in Akron Municipal Court on August 5, 1998, where bond was set at $5 million.

{¶4} Gordon was indicted on August 11, 1998 by the May 1998 term of the Summit County, Ohio Grand Jury, on one count of aggravated murder in violation of R.C. 2903.01(A) with an attendant firearm specification under R.C. 2941.145. *State v. Gordon*, Summit C.P. No. CR-1998-08-1896. Gordon was arraigned in Summit County Common Pleas Court the following day on August 12, 1998, where he appeared with hired counsel, Attorney Donald Walker. Gordon pleaded not guilty and moved for bond modification. The court denied the motion, remanded Gordon to the Summit County Jail, and scheduled

the case for a pretrial. On December 15, 1998, Gordon filed a notice of alibi under Crim.R. 12.1 and R.C. 2945.58, identifying as alibi witnesses Tyrone Burton, Charlotte Burton, and Constance Boyd (Gordon's girlfriend).

**{¶5}** On December 17, 1998, and pursuant to plea negotiations, the State moved the trial court to amend the indictment to the lesser and included offense of murder, which the court granted. In return, Gordon retracted his previous not guilty plea and entered a plea of guilty to murder and the firearm specification as contained in the amended indictment. The trial court sentenced Gordon to an actual three-year mandatory prison sentence on the firearm specification and an indeterminate 15 years to life in prison for murder, resulting in an aggregate sentence of 18 years to life in prison. *State v. Gordon*, Summit C.P. No. CR-1998-08-1896 (Journal Entry filed Dec. 22, 1998).

**{¶6}** Gordon did not file a timely appeal of his conviction and sentence. Instead, several months later, he filed a pro se motion to withdraw his guilty plea under Crim.R. 32.1. The trial court promptly denied the motion. *State of Ohio v. Danté Gordon*, Summit C.P. No. CR-1998-08-1896 (approved July 8, 1999; filed July 14, 1999). Gordon then attempted to appeal this denial to the Ninth District Court of Appeals, but his notice of appeal was filed late. Consequently, the state's motion to dismiss the appeal as untimely was granted, and the appeal was dismissed. *State v. Gordon*, 9th Dist. Summit No. 19744 (Sept. 27, 1999 Journal Entry).

**{¶7}** On February 25, 2000, Gordon filed what would become his first of two motions for a delayed appeal of his December 22, 1998 conviction and sentence with the Ninth District Court of Appeals. Gordon's notice of appeal, included with this motion, was untimely by 400 days. Gordon argued (1) his guilty plea was not knowing, intelligent, or voluntary because the trial court did not substantially comply with Crim.R. 11 and (2) he was denied the effective assistance of counsel. As for the reason Gordon failed to perfect his appeal within 30 days, he stated: "The Court informed me that I was giving up certain appellate rights upon my plea and no longer having counsel after the proceedings I was not aware of my rights to an appeal." The state filed an opposition to Gordon's motion for leave to appeal arguing he failed to set forth sufficient reasons for the delay.

**{¶8}** The court of appeals denied Gordon's motion for a delayed appeal, citing his failure to provide supporting documentation or sufficient reasons for the untimely filing.

Case No. 24 BE 0007

*State v. Gordon*, 9th Dist. Summit No. 19984 (Mar. 20, 2000 Journal Entry). Gordon's subsequent application for reconsideration was also rejected as untimely. *State v. Gordon*, 9th Dist. Summit No. 19984 (Apr. 11, 2000 Journal Entry), *appeal not accepted*, *State v. Gordon*, 89 Ohio St.3d 1454 (2000).

**{¶9}** In March 2010, a decade after his initial sentencing, Gordon petitioned the trial court for a new sentencing on the basis that his original sentencing entry was void due to an erroneous inclusion of post-release control. The trial court summarily denied the motion, and Gordon appealed to the Ninth District Court of Appeals which affirmed. *State v. Gordon*, 2010-Ohio-6308 (9th Dist.), *appeal not accepted*, *State v. Gordon*, 2011-Ohio-1618.

**{¶10}** In January 2011, Gordon filed another motion to withdraw his guilty plea, along with motions to dismiss the indictment and inspect grand jury transcripts. His plea withdrawal motion was based on claims of ineffective assistance of counsel, alleging that his trial counsel, Attorney Donald "Doc" Walker, had failed to provide adequate representation. Gordon asserted that Walker had withheld critical information, failed to properly investigate the case, and coerced him into pleading guilty. These alleged failures, Gordon argued, prevented him from fully understanding the nature of the charges and the consequences of his plea.

**{¶11}** Gordon's motion to dismiss the indictment was rooted in his belief that the indictment was defective and invalid due to the absence of the Grand Jury Foreperson's signature, suggesting either a post-filing signature or a forgery. The trial court denied all three motions, finding that Gordon had not met his burden of proving a manifest injustice that would warrant the withdrawal of his plea. *State v. Gordon*, Summit C.P. No. CR-1998-08-1896 (Apr. 3, 2011 Order). The court also determined that Gordon's claims of ineffective assistance of counsel were unsubstantiated, noting that the transcripts attached to his motion contradicted his assertions, and that his other evidence consisted mainly of broad, self-serving statements. Additionally, the court found that Gordon's claims were barred by the doctrine of res judicata.

**{¶12}** Regarding the indictment, the trial court found it was properly signed and filed on August 11, 1998, containing all necessary elements. The court acknowledged that Gordon had submitted two versions of the indictment—one signed and one

unsigned—but concluded that the signed version in the official record was valid. Consequently, the trial court determined that the indictment was neither defective, invalid, nor void.

{¶13} Gordon's appeal to the Ninth District Court of Appeals raised several issues. He argued that the trial court had abused its discretion by denying his motion to withdraw his guilty plea. Additionally, he contended that the court erred in failing to conduct a hearing on that motion. Gordon also challenged the trial court's decision to deny his motion to dismiss the indictment without a hearing.

{¶14} The appellate court affirmed the trial court's decision, holding that Gordon's claims regarding defects in the plea hearing were barred by res judicata. *State v. Gordon*, 2012-Ohio-902 (9th Dist.). The court reasoned that these issues could have been raised on direct appeal. Gordon's failure to file a timely appeal in 1998 and the subsequent denial of his motion for a delayed appeal precluded him from raising these claims now.

{¶15} Furthermore, the court found no merit in Gordon's ineffective assistance of counsel claim. It noted that during the plea hearing, Gordon had acknowledged engaging in extensive discussions with his attorney about the nature of the evidence against him. The court also considered the significant delay in filing the motion to withdraw the plea, which it viewed as a factor weighing against granting the motion. Given the lack of supporting evidence for Gordon's claims, the court found no requirement for a hearing. Lastly, the appellate court confirmed the validity of the indictment, finding it properly signed and filed. Any further challenge to the indictment, the court concluded, was also barred by res judicata. Gordon appealed to the Ohio Supreme Court which declined to accept jurisdiction. *06/06/2012 Case Announcements*, 2012-Ohio-2454.

{¶16} In April 2012, Gordon made another attempt to challenge his conviction by filing a second motion for leave to file a delayed appeal. He claimed he had only recently become aware of his appellate rights. However, the Ninth District summarily denied the motion. *State v. Gordon*, 9th Dist. Summit No. 26379 (Apr. 26, 2012 Journal Entry); *appeal not accepted*, *07/25/2012 Case Announcements*, 2012-Ohio-3334.

{¶17} In the years that followed, Gordon continued to challenge his conviction through various legal avenues. He filed motions to correct his sentence, compel the issuance of a final appealable order, and vacate his judgment and sentence as void. He

filed successive petitions for postconviction relief and another motion to withdraw his guilty plea. These efforts were consistently unsuccessful, with the trial court denying his motions and the Ninth District Court of Appeals affirming these decisions or dismissing his appeals. *State v. Gordon*, 9th Dist. Summit No. 28820 (Dec. 28, 2017 Journal Entry); *State v. Gordon*, 2018-Ohio-4311 (9th Dist.); *State v. Gordon*, 9th Dist. Summit No. 29816 (Oct. 13, 2020 Journal Entry), *appeal not accepted*, *02/02/2021 Case Announcements*, 2021-Ohio-254; *State v. Gordon*, 2023-Ohio-2754 (9th Dist.). Gordon was similarly unsuccessful in federal court. *Gordon v. Turner*, 2015 WL 3969689 (N.D. Ohio June 30, 2015), *certificate of appealability denied* (6th Cir. 15-3829) (Jan 12, 2016).

### *Habeas Corpus*

{¶18} As we turn to the legal standard for habeas corpus, it is important to clarify the limited circumstances under which this extraordinary remedy is available. R.C. 2725.01 provides: "Whoever is unlawfully restrained of his liberty, or entitled to the custody of another, of which custody such person is unlawfully deprived, may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment, restraint, or deprivation." Generally, a writ of habeas corpus is available only when a petitioner's maximum sentence has expired and he is being held unlawfully, *Leyman v. Bradshaw*, 2016-Ohio-1093, ¶ 8, or when the sentencing court patently and unambiguously lacked subject-matter jurisdiction, *see Stever v. Wainwright*, 2020-Ohio-1452, ¶ 8. The writ is not available when the petitioner has an adequate remedy in the ordinary course of law unless the trial court's judgment is void for lack of jurisdiction. *State ex rel. Davis v. Turner*, 2021-Ohio-1771, ¶ 8.

### *Civ.R. 12(B)(6) Standard of Review*

{¶19} Having established the limited scope of habeas corpus relief, we now address the warden's motion to dismiss. Counsel for the warden has filed a motion to dismiss under Civ.R. 12(B)(6), arguing Gordon's claims are not cognizable in a habeas corpus action, he had an adequate alternative legal remedy by which to raise his claims, and he has not demonstrated he is entitled to immediate release from confinement.

{¶20} Under Civ.R. 12(B)(6), we must presume all of the factual allegations in the petition are true and make all reasonable inferences in favor of the nonmoving party. *State ex rel. Seikbert v. Wilkinson*, 69 Ohio St.3d 489, 490 (1994). A petition may only be dismissed when, having viewed the complaint in this way, it appears beyond doubt the relator can prove no set of facts that would entitle him to the relief requested. *Goudlock v. Voorhies*, 2008-Ohio-4787, ¶ 7.

### *Double-Dismissal Rule*

{¶21} Before addressing Gordon's claims, we must consider the procedural bar presented by the double-dismissal rule. This rule is relevant because it impacts whether Gordon's current petition can be heard at all, given his previous actions. Civ.R. 41(A) states that a second voluntary dismissal of the same claim is considered an adjudication on the merits, which precludes a subsequent complaint asserting the same cause of action. *Olynyk v. Scoles*, 2007-Ohio-2878, ¶ 10.

{¶22} Gordon has twice voluntarily dismissed prior habeas petitions involving the same claims—once on July 28, 2023, and again on February 8, 2024. *Gordon v. Gray*, 7th Dist. Belmont No. 22 BE 0073; *Gordon v. Gray*, 7th Dist. Belmont No. 23 BE 0038. Thus, the second dismissal operates as an adjudication on the merits, and res judicata bars his current petition.

### *Gordon's Claims Not Cognizable in Habeas Corpus*

{¶23} Even if Gordon's petition were not procedurally barred, his claims do not warrant habeas relief. Habeas corpus is an extraordinary remedy, reserved for instances where the petitioner's conviction is void due to lack of jurisdiction or where the petitioner is unlawfully held beyond the expiration of their maximum sentence. *Stevens v. Hill*, 2022-Ohio-2479, ¶ 7. Gordon's maximum sentence has not expired, and none of his claims establish that the trial court lacked jurisdiction.

{¶24} Gordon's first argument challenges the validity of his conviction by claiming that the trial court lacked both subject matter and personal jurisdiction. He contends that the indictment was defective because the grand jury foreperson's signature was missing,

which he believes should invalidate the entire case. However, this claim reflects a misunderstanding of how jurisdiction works in criminal cases.

**{¶25}** Since Gordon pleaded guilty, as many habeas petitioners do, he couches each of his claims, including the one related to his indictment, broadly as constitutional violations obviating the trial court's jurisdiction to bypass legal rules like waiver, which prevent raising such claims long after a conviction. *See State v. Love*, 2018-Ohio-1140, ¶ 24, fn. 1 (7th Dist.). But the Supreme Court of Ohio routinely rejects arguments from habeas defendants who claim the trial court lacked subject matter jurisdiction due to a deficient indictment. *Payne v. Jeffreys*, 2006-Ohio-2288, ¶ 5 (validity and sufficiency of the indictment must be raised on direct appeal); *VanBuskirk v. Wingard*, 80 Ohio St.3d 659, 660, (1998); *In re Bryant*, 171 Ohio St. 16 (1960) (where a prisoner sought release by habeas corpus on the ground the indictment did not charge an offense, the Court concluded the allegation did not implicate subject matter jurisdiction).

**{¶26}** Ohio law clearly establishes that subject matter jurisdiction in criminal cases is conferred by statute. R.C. 2931.03 grants courts of common pleas jurisdiction over all felony offenses committed within their respective counties. This jurisdictional grant is not dependent on the procedural perfection of an indictment. Even if an indictment is flawed in some procedural aspect, it does not strip the court of its fundamental jurisdiction to hear the case.

**{¶27}** The Supreme Court addressed this very issue in *State ex rel. Justice v. McMackin*, 53 Ohio St.3d 72 (1990). The petitioner in that case claimed he was brought to trial on the basis of an indictment that was never voted on by a grand jury. He claimed the document purporting to be an indictment was simply fabricated by the Summit County Prosecuting Attorney's office and that the signature of the grand jury foreman on the purported indictment was a forgery. He further alleged the judge at his trial and the attorneys who represented him at various stages conspired with governmental authorities to conceal the alleged forgery. In short, like Gordon, he maintained there never was an indictment and that the foreman's signature was forged in order to perpetrate a fraud on the court.

**{¶28}** The Court rejected the petitioner's argument, making clear that an allegation of fraud on the part of authorities involved in the prosecution does not constitute a

challenge to the jurisdiction of the trial court. *Id.* at 73, citing *Wireman v. Adult Parole Auth.*, 38 Ohio St.3d 322 (1988). Therefore, the grand jury's indictment here, even if imperfect, validly conferred jurisdiction over Gordon. His claims to the contrary simply are not cognizable in this action for a writ of habeas corpus.

**{¶29}** Gordon also contends that his arrest was unlawful due to a lack of probable cause and a valid warrant, further arguing that these issues deprived the court of jurisdiction. Similar to claims involving an allegedly defective indictment, habeas corpus cannot be used to challenge defects arising from an alleged failure to file criminal complaints or claims that the trial court improperly assumed jurisdiction over criminal charges. *State ex rel. Rackley v. Sloan*, 2016-Ohio-3416, ¶ 6. Charging an accused is a procedural matter, not a jurisdictional one. *Id.* Therefore, once convicted based on an indictment, the judgment binds the defendant to the crimes specified. *Id.* Furthermore, an illegal arrest does not invalidate subsequent proceedings rooted in a valid indictment, nor does it provide grounds for release through habeas corpus after conviction. *Id.*

**{¶30}** Gordon was charged in an indictment issued by the Summit County Grand Jury, and he pleaded guilty and was ultimately sentenced on that indictment. *State v. Gordon*, Summit C.P. No. CR-1998-08-1896 (Journal Entry filed Dec. 22, 1998); *State v. Gordon*, 2012-Ohio-902 (9th Dist.). Therefore, the trial court possessed the requisite jurisdiction to accept his guilty plea and sentence him to prison. *See* R.C. 2931.03.

**{¶31}** Gordon's complaint ventures beyond procedural territory into substantive claims of innocence. He asserts that his conviction was the result of false evidence and fraudulent documents produced by the Akron Police Department and the Summit County Prosecutor's Office. These allegations, even if true, do not implicate the jurisdiction of the trial court, which is the central concern in habeas proceedings.

**{¶32}** Claims of actual innocence, sufficiency of evidence, or prosecutorial misconduct are substantive issues that should have been addressed through direct appeals or postconviction relief. The Ohio Supreme Court has established that such claims are not cognizable in habeas corpus unless they directly challenge the trial court's jurisdiction. *Kneuss v. Sloan*, 2016-Ohio-3310, ¶ 6; *Orr v. Schweitzer*, 2021-Ohio-1786

(actual innocence, sufficiency of the evidence, and prosecutorial misconduct not cognizable in habeas).

**{¶33}** Finally, Gordon alleges that his trial counsel provided ineffective assistance, further contributing to his wrongful conviction. However, claims involving the ineffective assistance of counsel or the alleged denial of the right to counsel are not cognizable in habeas corpus. *Bozsik v. Hudson*, 2006-Ohio-4356, ¶ 7. Such claims do not deprive the trial court of jurisdiction over the case. *Id.* at ¶ 9. Under R.C. 2725.05, if a person is in custody by virtue of a judgment of a court of record and the court had jurisdiction to render the judgment, the writ of habeas corpus may not be allowed and the petitioner "shall not be discharged by reason of any informality or defect in the process, judgment, or order." The right to counsel is guaranteed by the Sixth Amendment to the Constitution of the United States. "Therefore, redress for a deprivation of the right should be sought via appeal or postconviction relief under R.C. 2953.21." *Bozsik* at ¶ 9.

**{¶34}** In conclusion, all of Gordon's claims—whether they pertain to alleged jurisdictional defects, procedural errors, or substantive injustices—fail to establish a basis for habeas corpus relief. The Summit County Court of Common Pleas had both subject matter and personal jurisdiction over Gordon's case, and none of the alleged defects raised by Gordon undermine the validity of his conviction or the court's authority. Even assuming the truth of all factual allegations in Gordon's complaint and making all reasonable inferences in his favor, it is clear beyond doubt that he can prove no set of facts that would entitle him to the relief requested.

{¶35} Accordingly, the warden's motion to dismiss is granted and Gordon's complaint for a writ of habeas corpus is dismissed. Any and all unresolved motions and filings not specifically addressed herein are hereby dismissed as moot. Costs assessed to Gordon. Final order. The clerk of courts is hereby directed to serve upon all parties not in default notice of this judgment and its date of entry upon the journal. Civ.R. 58.

**JUDGE MARK A. HANNI**

**JUDGE CAROL ANN ROBB**

**JUDGE KATELYN DICKEY**